IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALLERGAN USA, INC., ALLERGAN SALES, )
LLC, FOREST LABORATORIES HOLDINGS )
LIMITED and GEDEON RICHTER PLC, )
                                  )
            Plaintiffs, )
                                  )
      v. )        C.A. No. 19-2317 (RGA)
                                  )
SUN PHARMACEUTICAL INDUSTRIES )
LIMITED, AUROBINDO PHARMA LIMITED, )
AUROBINDO PHARMA USA, INC., ZYDUS )
PHARMACEUTICALS (USA), INC. and )
CADILA HEALTHCARE LIMITED, )
                                  )
            Defendants. )

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs Allergan USA, Inc.,

Allergan Sales, LLC, Forest Laboratories Holdings Limited (collectively, "Allergan," but

including its parent, AbbVie Inc.), and Gedeon Richter Plc. ("Gedeon Richter") (all collectively,

"Plaintiffs"), and Defendants Sun Pharmaceutical Industries Limited ("Sun"); Aurobindo Pharma

Limited and Aurobindo Pharma USA, Inc. (collectively, "Aurobindo"); and Zydus

Pharmaceuticals (USA), Inc. and Cadila Healthcare Limited d/b/a Zydus Cadila (collectively,

"Zydus") (all collectively, "Defendants") request that the following Stipulated Protective Order

("Protective Order" or "Order") be entered in the above-captioned case (the "Proceeding") to

govern the exchange of discovery materials by the parties and third parties, the use or exhibition

of documents and things during discovery, and testimony containing trade secrets, confidential or

proprietary research, development, technical, financial, strategic, customer, or commercial

information, as well as other kinds of commercially sensitive information within the meaning of

Federal Rule of Civil Procedure 26(c)(1)(G), and personal health information protected under

state or federal privacy laws, or other applicable personal data protection laws. Plaintiff and Defendants (all collectively, "the Parties") and this Court agree that the disclosure of such commercially sensitive information poses a substantial risk of harm to the legitimate proprietary interests of the Parties and third parties. Therefore, good cause exists for entry of this Protective Order to preserve the confidentiality of certain documents and information, to outline procedures and reasonable restrictions on the disclosure of sensitive materials, and to permit discovery to proceed without delay.

Accordingly, the Court hereby enters the following Protective Order, which shall control the disclosure, dissemination, and use of information in this Proceeding:

## I.    DESIGNATION OF MATERIAL AS "CONFIDENTIAL"

1.    This Protective Order applies to any document, or portion thereof, any type of information, including electronically stored information and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure that, in the good-faith opinion of the party providing such material (the "Producing Party" or "Designating Party"), contains any trade secret or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information of the Producing Party, or a nonparty if such documents and information are within the possession, custody or control of the Producing Party. The party receiving such information is herein referred to as the "Receiving Party" or "Non-Designating Party." This Protective Order describes the information protected under its terms and the use and disclosure of such protected information.

2.    The designation of material as "Confidential" as used in this Protective Order means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) including but not limited to any documents and things relating to (i) the names, or other information tending to reveal the

2

identities, of a party's suppliers, present or prospective customers, or distributors or the personal information of a party's employees; (ii) information relating to pending patent applications; (iii) commercial information, including, without limitation, strategic plans, marketing and financial information concerning a party's current products, processes and/or business relationships or potential future products, processes and/or business relationships; (iv) information constituting product specifications, formulations, and/or regarding the manufacture of the party's products; (v) technical notebooks and technical reports of a party, including product and manufacturing specifications, schematic diagrams, technical reference manuals, operations manuals, or other similar information; (vi) confidential marketing plans, market research and business strategy, including research regarding competitors; (vii) information the Designating Party believes is a proprietary trade secret; (viii) personal information and/or identities of physicians and patients; (ix) all information relating to a party's research and development efforts; (x) all New Drug Applications ("NDAs"), Abbreviated New Drug Applications ("ANDAs"), or Drug Master Files ("DMFs"); and (xi) physical samples of any products described in an NDA (except for samples of publically available drug products) or ANDA. Identification of types of documents in this Paragraph shall not be an admission by either of the Parties that such documents are relevant or admissible in this Proceeding. Confidential information may be contained in discovery information or materials produced or obtained in this Proceeding by or through any means and by or through any person or entity. The Confidential information contained therein and all copies, recordings, abstracts, excerpts, analyses, or other writings that contain, reveal, or otherwise disclose such information shall also be deemed Confidential information.

3.      Any party or third party may designate as "Confidential" all or any part of any discovery or other materials produced or served in this Proceeding, or filed with the Court,

including without limitation, documents and things, pleadings, motions, briefs, contentions, expert reports, interrogatory answers, deposition testimony, and responses to requests for admission, which contain sensitive proprietary, business, financial, technical, or other confidential information or know-how protectable under Federal Rule of Civil Procedure 26(c)(1)(G), as set forth in Paragraph 2 above.

4.      A party or third party shall designate a document or thing as "Confidential" when it is produced to the party seeking discovery by marking it prominently on its face with the legend in substantially the following form: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," as appropriate. Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto. If an entire multi-page document is to be treated as Confidential information, each page of such document should be marked. In addition, each page of each document and each thing produced pursuant to discovery in this Proceeding shall bear a unique identifying number.

5.      Notwithstanding such designation, Confidential information does not include information obtained independently of this Proceeding as to which no obligation of confidentiality applies. Accordingly, nothing in this Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Confidential information if such information:

a.      is determined by agreement of the Parties or order of the Court to be public information,

b.      was lawfully in his or her possession prior to receiving the information or document under the provisions of this Order,

        c.       was, is, or becomes available to the public through no fault of a Receiving Party,

        d.       is disclosed by a third party who is not subject to any confidentiality obligations at the time of the disclosure, or

        e.       is discovered independently by the Receiving Party by means that do not constitute a violation of this Order.

6.      Nothing in this Order shall prevent a party or third party from redacting from documents or things, which otherwise contain relevant discoverable information, any Confidential information that is irrelevant to this Proceeding or otherwise not discoverable, such as information relating to non-accused products, including products in development, pursuant to Federal Rule of Civil Procedure 26(b). Redactions shall be clearly labeled as such, and nothing in this Paragraph shall be construed as a waiver of any party's right to seek disclosure of redacted information. All documents redacted based on attorney-client privilege, work-product immunity, or other privilege or immunity are not required to be listed on a privilege log in the first instance, provided the redaction is clearly labeled as "Redacted Privileged." Upon a showing of good cause (e.g., that the sender, recipients, or nature of the privilege cannot be ascertained), the receiving party may request that the producing party log the redacted document.

7.      Prior to production, a party or third party may redact from all documents, e-mails, and personal electronic files all personal information, including the following: home address, home and cell phone numbers, pager numbers, names of spouses and children, credit card information, benefits information, compensation information, and personal information found in employee files.

8.      Unless otherwise agreed by the Parties, deposition transcripts taken in connection with this Proceeding will be temporarily designated and treated as Confidential information for up to twenty-eight (28) calendar days after both Parties have received a final transcript of the deposition, in order to give the Parties or third parties the opportunity to properly designate any Confidential information in the transcript. A party may designate a deposition transcript as Confidential during the deposition at which such information was disclosed, or within those twenty-eight (28) calendar days after receipt of the final transcript, the Parties and/or third parties may designate any or all portions of the transcript as Confidential information in accordance with this Protective Order. If a deposition transcript or deposition exhibits contain Confidential information, the deposition transcript will be marked on its first page with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." A deponent may review the transcript of his or her deposition at any time. Nothing in this Paragraph shall prevent a party from showing to its own employees, officers, directors, or agents transcripts from depositions taken of its own witnesses.

9.      Any material provided for inspection, as opposed to documents produced outright, in this Proceeding is to be treated by the inspecting/receiving party as Confidential information pending the copying and delivery of any copies of the same by the Producing Party. After copies are delivered to the inspecting/receiving party, the information in such documents or things will be treated consistent with any legend on each document or thing. Unless otherwise agreed or ordered by this Court, inspection of documents or things by a party shall be conducted only by Outside Counsel or independent consultants or experts eligible under Paragraph 15(a) or 15 (c) below.

10.      For any documents produced before the entry of this Order and marked under

District of Delaware Local Rule 26.2, the Receiving Party will treat them as Confidential information, unless the Producing Party subsequently designates them otherwise.

11.     Documents and things produced without a legend designating the material Confidential information shall not be subject to this Protective Order, unless otherwise agreed to by the Parties or ordered by the Court.

## II.     USE OF CONFIDENTIAL INFORMATION

12.     Confidential information, including all copies, summaries, abstracts, excerpts, indices, and descriptions of such material, shall be held in confidence by the Receiving Party, shall be used only by persons permitted access to the information under this Protective Order, and shall not be used for any purpose other than in connection with this Proceeding, any appeal therefrom, and remands thereto, including without limitation for any research, development, patent prosecution, patent claim amendments, commercial, marketing, regulatory (including Citizen Petitions), or other competitive purposes. Subject to Paragraph 15 below, all persons receiving Confidential information are prohibited from using or disclosing such information in connection with practice before or communication with the United States Patent and Trademark Office ("USPTO"), the United States Food and Drug Administration, the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction. Nothing contained in this Order shall preclude any party from using its own Confidential information in any manner it sees fit, without prior consent of any party or the Court. Nothing in this Order shall restrict any party's counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Confidential information, provided that in rendering such advice counsel shall not disclose any other party's Confidential information other than in a manner provided for in this Order.

13.     Without prior written approval of the Producing Party, which shall not be unreasonably withheld, or an order from the Court, no person or party permitted access to any Confidential information may disclose the Confidential information of one Defendant to any other Defendant.[1]

14.     The Defendants in this Proceeding, as well as any defendants who join or are joined to this Proceeding and who are bound by this Protective Order, may exchange documents or information (including, but not limited to, motions, briefs, declarations, discovery responses, contentions, and expert reports) describing or referring to information designated by Plaintiffs as Confidential, so long as every Defendant who receives such documents treats all designated materials in accordance with this Protective Order. The exchange contemplated by this Paragraph does not modify any of the restrictions on the dissemination of Plaintiffs' Confidential information set forth in this Protective Order.

## III.     ACCESS TO CONFIDENTIAL INFORMATION

15.     Confidential information, and any material containing such information, may be made available to, and inspected by, only the following "Qualified Persons":

(a)     Outside counsel of record of the Receiving Party, including their partners, associates, paralegals, secretaries, and other supporting personnel who have actually received or reviewed such Confidential information (collectively, "Outside Counsel").

---

[1] In view of the recent decision by Judge Andrews in *Allergan USA, Inc., et al., v. Aurobindo Pharma Ltd., et al.*, C.A. No. 19-1727-RGA, and to avoid unnecessarily burdening the Court, Plaintiffs do not contest the inclusion of this provision proposed by Defendants solely for the purpose of this litigation and in doing so, reserve the right to argue that such provision is not appropriate in another protective order or matter.

Outside Counsel shall not, during the pendency of this Proceeding, and for a period of eighteen (18) months after final termination of this Proceeding, including any appeals, participate in the preparation or prosecution of any patent application before the USPTO or any corresponding foreign patent authority that involves subject matter relating to pharmaceutical products containing cariprazine as the active ingredient. For clarity, "Outside Counsel," as used herein, do not include other individuals employed by, or associated with, the same law firm as outside counsel of record of the Receiving Party, who have not actually received or reviewed the Confidential information. In addition, this provision does not preclude Outside Counsel from receiving or reviewing Confidential information if they manage others who prepare or prosecute any patent application before the USPTO or any corresponding foreign patent authority that involves subject matter relating to pharmaceutical products containing cariprazine as the active ingredient, so long as the Outside Counsel does not participate in such preparation or prosecution.   Any Outside Counsel who has received Confidential information must take reasonable precautions to protect such information from unauthorized access, including by preventing unauthorized persons from gaining access to Confidential information. If the Receiving Party discovers a breach of security relating to Confidential information of another party, the Receiving Party shall comply with, among other things, the disclosure requirements of Paragraph 45 below. Outside Counsel may participate in post-grant proceedings (including *inter partes* proceedings, post-grant review, covered business method review, or *ex parte* reexamination) before the USPTO, or corresponding proceedings before any foreign patent authority, with the exception that Outside Counsel shall not participate, directly or indirectly, in the drafting or amendment of claims concerning any patent that involves subject matter relating to pharmaceutical products containing cariprazine as the active ingredient;

9

(b)      Allergan, Gedeon Richter, Sun, Aurobindo, and Zydus may each designate up to three (3) in-house counsel employed by the party, or by the party's subsidiary, parent, and/or affiliate, with responsibilities for managing this litigation, and their secretarial, clerical, paralegal, and other supporting personnel, provided that the designated in-house counsel are not directly responsible for competitive decision-making. "Competitive decision-making," as used herein, does not include (a) litigation-related decision-making or advising responsibilities relating to pharmaceutical products containing cariprazine, including, for example, negotiating or executing agreements to settle litigation including responsibilities related to any financial terms of such agreements, advising about product launch dates or other product plans, or (b) interfacing with, for the purposes of carrying out responsibilities as an attorney, individuals responsible for competitive business decisions concerning pharmaceutical products containing cariprazine.

Designated in-house counsel who receive or review Confidential information shall not, during the pendency of this Proceeding, and for a period of eighteen (18) months after final termination of this Proceeding, including any appeals, participate in the preparation or prosecution of any patent application before the USPTO or any corresponding foreign patent authority that involves subject matter relating to pharmaceutical products containing cariprazine as the active ingredient. For clarity, this provision does not preclude the designated in-house counsel from receiving or reviewing Confidential information if they manage others who prepare or prosecute any patent application before the USPTO or any corresponding foreign patent authority that involves subject matter relating to pharmaceutical products containing cariprazine as the active ingredient, so long as they do not themselves participate in such preparation or prosecution.  Designated in-house counsel who receive or review Confidential information may

participate in post-grant proceedings (including *inter partes* proceedings, post-grant review, covered business method review, or *ex parte* reexamination) before the USPTO, or corresponding proceedings before any foreign patent authority, with the exception that designated in-house counsel who receive or review Confidential information shall not participate, directly or indirectly, in the drafting or amendment of claims concerning any patent that involves subject matter relating to pharmaceutical products containing cariprazine as the active ingredient.

All designated in-house counsel must comply with the provisions of paragraphs 18 and 19. As of the date of this Order, the designated in-house counsel are:

- For Allergan (AbbVie): (1) Casey Dwyer; (2) Lydia Nenow; and (3) Ryan Coletti.

- For Gedeon Richter: (1) TBD; (2) TBD; and (3) TBD.

- For Sun: (1) TBD; (2) TBD; and (3) TBD.

- For Aurobindo: (1) TBD; (2) TBD; and (3) TBD.

- For Zydus: (1) TBD; (2) TBD; and (3) TBD.

Allergan, Gedeon Richter, Sun, Aurobindo, and Zydus shall each have the right to add new persons or substitute new persons for in-house counsel designated under this Paragraph to receive Confidential information, provided that at any time no more than three designated people from each side shall have access to Confidential information pursuant to this Protective Order and that each substitution is reasonable given the circumstances at the time of substitution;

(c)      Independent experts or consultants and their staff retained to assist the Receiving Party in the conduct of this Proceeding, provided such experts and consultants have complied with Paragraphs 18 and 19 herein;

(d)     Witnesses or deponents who (1) are indicated on the face of the document or thing containing Confidential information as an author or recipient of the document or thing; (2) who have been identified, through discovery (including document production, written discovery, or deposition testimony) or some other basis for providing a reasonable belief, as having authored or received the document or thing, or similar or related documents or things from the same general time period, even if the individual is not identified as an actual author or recipient on the face of the document or thing at issue; or (3) who are current employees of the Producing Party;

(e)     The Court and personnel employed by the Court;

(f)     Court reporters and videographers;

(g)     Photocopy services;

(h)     Professional translators who are retained by counsel for the Parties for the purposes of this Proceeding;

(i)     Graphics or design consultants retained to prepare demonstrative or other exhibits for use in this Proceeding;

(j)     Non-technical jury or trial consultants and persons employed or retained by them;

(k)     Document imaging and database services and consultants retained to set up, maintain, and/or operate litigation databases; and

(l)     Others as to whom the Designating Party has given written consent.

16.     Only Qualified Persons, the deponent, and his or her attorney (if any), shall be allowed to attend any portion of a deposition in which Confidential information is used or elicited from the deponent. Counsel for the Designating Party may request that all persons other

12

than the witness, the court reporter and videographer, Qualified Persons specified in Paragraph 15, and counsel for the witness (if a third party witness) leave the deposition room during any portion of a deposition which inquires into matters deemed Confidential by the Designating Party. The failure of individuals other than those specified in the previous two sentences to leave the deposition room during any portion of the deposition which inquires into matters deemed Confidential information by the Designating Party shall constitute justification for counsel to instruct the witness that he or she shall not answer the question(s) posed concerning such matters.

17.    This Order shall not limit a party's examination, at a deposition, hearing, or trial, of persons who are not authorized to receive Confidential information under the terms of this Order, so long as such examination concerns Confidential information that the witness authored, received, or previously had access to or knowledge of, the witness was involved in the subject matter described therein, or the witness is a present employee of the party that produced the information, document, or thing, as demonstrated by the information itself, by foundation testimony during a deposition, hearing or trial, or if the Producing Party consents to such disclosure. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored, received, was involved in the subject matter described therein, or previously had access to or knowledge of Confidential information.  Examination using a party's Confidential information may be conducted on a witness of the same party who is a designee pursuant to Federal Rule of Civil Procedure 30(b)(6).

18.    Before disclosing another party's Confidential information to persons or entities described in Paragraph 15(b) or (c), the party shall first obtain a signed Certification in the form of the annexed Exhibit A. In the case of persons designated under Paragraph 15(b) requesting

13

access, only the designated in-house personnel need sign the certification (not their secretarial, clerical, paralegal, and other supporting personnel). In the case of persons under Paragraph 15(c) requesting access, the Certification shall be signed by the company, firm, group, or person retained by the party, and a single Certification by the company, firm, group, or person shall be sufficient to cover all employees of the company, firm, or group. Counsel retaining the person(s) described in Paragraph 15(c) shall retain the original of each such signed Certification.

19.     Before disclosing another party's Confidential information to any designee described in Paragraph 15(b), the party shall first provide to the Producing Party a signed copy of the Certification found in Exhibit A of this Order. Before disclosing another party's Confidential information to any outside consultant or expert described in Paragraph 15(c), the party shall first provide to the Producing Party (a) a signed copy of the Certification found in Exhibit A of this Order, (b) a current resume (*curriculum vitae*) of the consultant or expert including a list of publications, and (c) a list of any other cases in which the consultant or expert has testified as an expert at trial or by deposition within the preceding four (4) years. Once the Producing Party has received the requisite documents and designee/consultant/expert information, the Producing Party shall then have seven (7) calendar days to provide a written objection to the proposed disclosure of its Confidential information, including the specific reason(s) for such objection. No disclosure of Confidential information shall occur during this 7-day period.  If a timely written objection is made, (a) there shall be no disclosure of the Confidential information to the designee, consultant, or expert, except by further order of the Court or by agreement by the Parties, (b) the Parties agree to promptly meet and confer in good faith regarding the basis for (and resolution of) the objection, and (c) if the Parties cannot reach an agreement, the party objecting to the disclosure of information to the designee/consultant/expert may pursue the issue

via the Court's established discovery dispute procedures within seven (7) calendar days of the meet and confer. On any motion brought pursuant to this Paragraph, the objecting party shall bear the burden of showing why disclosure of information to that designee/consultant/expert should be precluded. Failure to timely object or to timely file a motion with the Court will act as a waiver of the objection, and the designee, consultant, or expert will become a Qualified Person.

## IV.  INADVERTENT  PRODUCTION  OF  INCORRECTLY  DESIGNATED MATERIAL

20.    Inadvertent production of any document, thing, or information without a designation of Confidential will not be deemed to waive a later claim as to its confidential nature, or stop the Producing Party from designating said document or information as Confidential at a later date.

21.    Any Producing Party may change a designation to Confidential (or withdraw a designation) regarding any material that it has produced by notifying counsel for each party in writing. Upon receipt of such notice, the Non-Designating Party shall: (i) not make any further disclosure or communication of such newly designated material except as provided for in this Order; (ii) take reasonable steps to notify any persons known to have possession of any material with the original designation (or lack of designation) and alert those persons of the effect of such a change in designation under this Order; and (iii) for material newly designated as Confidential, promptly retrieve or have destroyed all copies and transcriptions of such originally designated (or undesignated) material from any persons known to have possession of such material who are not Qualified Persons under Paragraph 15. Properly marked documents, reflecting the new designation, shall be promptly provided by the Producing Party.

## V.      CHALLENGING A "CONFIDENTIAL" DESIGNATION

22.      A party receiving documents or things shall not be obligated to challenge the propriety of a Confidential designation (or re-designation) at the time the document or thing is produced, and a failure to do so shall not preclude a subsequent challenge thereto. If a Receiving Party disagrees at any time with a Confidential designation made by another party or a third party, the following procedure shall be used:

a.      The party seeking to change the designation of another party's documents, things, or information shall provide the Producing Party written notice specifying the documents, things, or information for which a change in designation is sought, and the reasons for the request. The Producing Party shall have seven (7) calendar days after receipt of the written notice within which to object in writing to the change in designation or removal of protection afforded by this Order and to specify why protection under this Order is appropriate.

b.      If the Producing Party objects in writing within seven (7) calendar days of receiving such a written notice, both Parties shall meet and confer in an attempt to resolve the dispute without involvement of the Court.

c.      If the Parties and/or third parties cannot reach agreement concerning the change in designation, the party seeking the removal of protection for the Confidential may pursue the issue via the Court's established discovery dispute procedures.

d.      The Parties shall continue to treat the document(s) or thing(s) at issue as Confidential (according to the original designation(s)) until the dispute is resolved by Order of this Court, or by agreement of the Parties and/or third parties.

e.      On any motions arising out of the designation of any material as Confidential under this Order, the burden of justifying the designation shall lie with the Producing Party.

16

## VI.   INADVERTENT USE OF CONFIDENTIAL INFORMATION

23.    If Confidential information is used inadvertently during the course of this Proceeding (including at depositions) inconsistent with or in contravention of other provisions of this Order, the information shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality after such inadvertent use. If Confidential information is inadvertently disclosed to a deposition witness, and the witness has testified that he or she has knowledge concerning that information, the witness may be examined and cross-examined with respect to the document or information disclosed for the remainder of the deposition.

24.    If Confidential information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall within five (5) calendar days of learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure. As soon as possible thereafter, the Parties shall also use reasonable efforts to obtain the prompt return of any such Confidential information, and obtain a signed Certification attached hereto as Exhibit A from each unauthorized person or party who received Confidential information. The requirements set forth in this Paragraph shall not prevent the Producing Party from requesting that the party responsible for the inadvertent disclosure take additional remedial steps and/or applying to the Court for additional relief.

## VII.   INADVERTENT PRODUCTION OR USE OF PRIVILEGED INFORMATION

25.    If information subject to a claim of attorney-client privilege, attorney work product immunity, or other legal privilege protecting information from discovery is inadvertently produced in any way, such production shall not constitute a waiver (subject matter or otherwise) of any claim of privilege, work product immunity, or other ground for withholding production to which the Producing Party, third party, or other person otherwise would be entitled. Further,

17

neither the fact that the information was produced nor the content of the information shall be used in any manner as evidence in support of any such alleged waiver. The protections afforded inadvertent production herein shall be at least those provided in Federal Rule of Civil Procedure 26(b)(5)(B) and/or Federal Rule of Evidence 502.

26.     If a written claim of inadvertent production of privileged information is made by a Producing Party to a Receiving Party, the Receiving Party shall:

a.     immediately upon receipt of the claim not make any further copies, reproductions, or transcriptions of the inadvertently disclosed information or document; if the inadvertent disclosure is discovered during a deposition, the claim for inadvertent production may be made orally, and upon such oral claim all copies of the requested document physically at the deposition must be immediately returned at the deposition; and

b.     within five (5) days of receipt of the claim described in Paragraph 26(a), destroy or return to the Producing Party every original and every copy, reproduction, or transcription of all such inadvertently produced information or documents possessed by the Receiving Party and by those persons to whom the Receiving Party may have disclosed such information.

27.     Recognizing the need for the Parties to prepare for their cases based on the discovery that is produced, if any information, document, or thing is used openly in the case, *e.g.*, at a court hearing, in a deposition, as an exhibit to a motion, or is referenced in an expert report or pretrial order, any claim of inadvertent production based on privilege, must be made within two (2) weeks after such use.

28.     Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity, or other privilege designation through a written challenge to the Court.

## VIII.   INADVERTENT     PRODUCTION     OF     ELECTRONICALLY     STORED INFORMATION

29.     If electronically stored information ("ESI") is inadvertently produced as the result of an error in the ESI production process, including but not limited to, predictive coding errors, optical character recognition ("OCR") errors, or errors in the application of search terms to ESI databases, such production shall not constitute a waiver (subject matter or otherwise) of any claim of privilege, work product immunity, or other ground for withholding production to which the Producing Party, third party, or other person otherwise would be entitled. The protections afforded inadvertent production herein shall be at least those provided in Federal Rule of Civil Procedure 26(b)(5)(B) and/or Federal Rule of Evidence 502.

30.     If a written claim of inadvertent production of ESI is made by a Producing Party to a Receiving Party, the Receiving Party shall:

a.     immediately upon receipt of the claim not make any further copies, reproductions, or transcriptions of the inadvertently disclosed ESI; if the inadvertent disclosure is discovered during a deposition, the claim for inadvertent production may be made orally, and upon such oral claim all copies of the requested ESI physically at the deposition must be immediately returned at the deposition; and

b.     within five (5) days of receipt of the claim described in Paragraph 30(a), destroy or return to the Producing Party every original and every copy, reproduction, or transcription of all such inadvertently produced ESI possessed by the Receiving Party and by those persons to whom the Receiving Party may have disclosed such information.

31.     Recognizing the need for the Parties to prepare for their cases based on the discovery that is produced, if any ESI is used openly in the case, *e.g.*, at a court hearing, in a deposition, as an exhibit to a motion, or is referenced in an expert report or pretrial order, any claim of inadvertent production of such ESI must be made within two (2) weeks after such use.

32.     Nothing herein shall prevent the Receiving Party from challenging the propriety of the claim of inadvertent production of ESI.

## IX.    PRODUCTION OR DISCLOSURE OF A THIRD PARTY'S INFORMATION

33.     Any subpoena or other notice to a third party requesting production of documents shall include a copy of this Protective Order.

34.     If a third party produces documents pursuant to a subpoena or other request issued by one of the Parties (or by Court order) and if the third party has not requested its documents be treated as Confidential, then it shall be presumed that the documents produced contain information for which the third party has determined require no designation under this Protective Order. The third party's documents and things shall be handled by all Parties to this Proceeding according to the appropriate designations under this Protective Order. The party issuing the subpoena or other request for documents or things to the third party shall provide any non-requesting party an opportunity to review and make copies of any documents produced in response to that subpoena or request.

35.     A party in this Proceeding may temporarily withhold production of otherwise discoverable information sought in a discovery request (*e.g.*, interrogatory, request for production, or request for admission) if the party is under an obligation to a third party not to disclose such information (*e.g.*, by prior agreement of confidentiality). In such an event (except for information subject to another protective order or confidentiality order by another court), the Producing Party shall:

a.      timely serve a written objection to the production of the requested information on the basis of its obligation to a third party not to disclose such information;

b.      promptly provide to the third party whose confidentiality interests are implicated (i) notice of the pending request to disclose the information, and (ii) a copy of this Protective Order; and

c.      if the third party does not agree to disclosure of its information, then the party requesting the documents or things from the third party may (i) serve a subpoena on the third party, if the requesting party has not already done so, or (ii) file a motion to compel production of the requested documents against a party and/or third party in the appropriate Court.

36.      Any party to this Proceeding that receives a subpoena or other request from a third party that seeks the disclosure/production of Confidential information already disclosed in this Proceeding that the party did not itself produce shall give prompt written notice to that original Producing Party of such subpoena or other request, but in no event more than seven (7) calendar days after actual receipt of the subpoena or other request. If the original Producing Party opposes disclosure of its documents called for by the subpoena or other request within seven calendar days from notice of the subpoena, then the party served with the subpoena shall not disclose the pertinent information until a Court has resolved the issue. Absent a Court order, production or disclosure of another party's information shall not be made until the original Producing Party has agreed to such production to a third party. The original Producing Party shall bear the burden to oppose, if it deems appropriate, the subpoena or other request on the grounds of confidentiality. This Paragraph shall not apply to disclosure of information pursuant to a third party's subpoena or request for Confidential information, if the party receiving the subpoena or request itself produced the documents or things called for by the subpoena or

request, *i.e.*, this Paragraph shall not apply to the disclosure of a party's own documents or things.

## X.      USE OF CONFIDENTIAL INFORMATION IN FILINGS AND IN OPEN COURT

37.     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

38.     The Clerk of Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court in compliance with Local Rule 5.1.3, which has been designated, in whole or in part, as containing or revealing Confidential information under this Protective Order.

39.     In the event that a party or third party wishes to use any Confidential information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court to be maintained under seal, such paper shall be filed according to Local Rule 5.1.3.

40.     Any health information that any party is required to maintain in confidence under state or federal privacy laws, including but not limited to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164, information requiring special protection under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., and information requiring special protection under Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) (European Union personal information) and is disclosed in discovery by a party or third party in this Proceeding shall not be used or disclosed in open court unless in accordance with a further order of the Court, such as an order of the Court

sealing the courtroom. The Court will enter further orders as necessary to control the conduct of hearings and trial as it relates to the use of Confidential information.

## XI.    DISPOSITION OF CONFIDENTIAL MATERIALS AFTER CONCLUSION OF THIS PROCEEDING

41.    Upon the final non-appealable termination of this Proceeding, all Confidential information received from an opposing or third party (and all copies and transcriptions thereof), shall be destroyed or returned to the Producing Party within ninety (90) calendar days. Outside Counsel, however, may retain (even if such documents or things contain Confidential information) all correspondence, pleadings and exhibits, deposition transcripts and exhibits, expert reports and exhibits, hearing and trial transcripts and exhibits, court-filed documents and exhibits, and all documents and things containing or reflecting attorney work product except for protected health information, which must be destroyed or returned within ninety (90) calendar days of the termination of this Proceeding. The Producing Party shall identify to the Receiving Party all such protected health information to be destroyed or returned by specific Bates numbers within forty-five (45) calendar days of the termination of this Proceeding. If the Producing Party does not provide this specific information to the Receiving Party within forty-five (45) days, then the Receiving Party is under no obligation to destroy or return the protected health information, but the health information shall remain Confidential under the provisions of this Order. Documents and work product retained by Outside Counsel shall remain subject to the terms of this Order. Pursuant to this Paragraph, after ninety (90) calendar days following final non-appealable termination of this Proceeding, no person or entity other than Outside Counsel shall retain any Confidential information that it received from another party during the course of this Proceeding, including but not limited to Confidential information in the form of notes,

recordings, memoranda, summaries or other written materials relating to or containing another party's Confidential information.

42.     To the extent a party is dismissed from the Proceeding prior to a final non-appealable termination with regard to the remaining parties, the dismissed party shall comply with Paragraph 41 as if the dismissal were a final non-appealable termination.

## XII.   SECURITY AND DATA BREACH

43.     Any person in possession of another Party's Confidential information shall exercise the same care with regard to the storage, custody, or use of such Protected Information as they would apply to their own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Paragraph 44.

44.     Receiving Parties must take reasonable precautions to protect Confidential information from loss, misuse and unauthorized access, disclosure, alteration and destruction. Such measures shall include:

a.     Reasonably preventing unauthorized persons from gaining access to Confidential information (physical access control);

b.     Reasonably preventing Confidential information from being used without authorization (logical access control) including, but not limited to, the use of passwords[2];

c.     Reasonably ensuring that persons entitled to use Confidential information gain access only to such Confidential information as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage,

---

[2] For Confidential information that is electronically stored, reasonable precautions include the use of a password-protected computer.

Confidential information cannot be read, copied, modified or deleted without authorization (data access control);

        d.     Reasonably preventing Confidential information from being used without authorization by implementing technical firewalls that prevent unauthorized persons from gaining access to any networked or otherwise shared locations where Confidential information is stored;

        e.     Reasonably ensuring that Confidential information cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Confidential information by means of data transmission facilities can be established and verified (data transfer control);

        f.     Reasonably ensuring the establishment of an audit trail to document whether and by whom Confidential information have been entered into, modified in, or removed from Confidential information processing systems, (entry control); and

        g.     Reasonably ensuring that Confidential information is processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

    45.    If the Receiving Party discovers a breach of security relating to the Confidential information of another Party, the Receiving Party shall (1) provide written notice to Designating Party of such breach no later than forty-eight hours of Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide Designating Party with assurance that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party

sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to provide reasonable cooperation to the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

46. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential information to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as is practicable (a) notify in writing the Designating Party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A.

## XIII. ADDITIONAL PROVISIONS

47. This Order shall be binding upon the Parties to this Proceeding and signatories to the Certification, including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers, and employees.

48. This Order shall apply to all information and material produced in this Proceeding, including all previously-produced information and material prior to the execution of this Order by the Court.

49. The Parties agree that the following documents will not be discoverable: (a) drafts of expert reports, affidavits, or declarations; (b) counsel's communications with experts, affiants, or declarants, except to the extent such communications are excepted by Federal Rule of Civil Procedure 26(b)(4)(C)(i)-(iii); (c) experts', affiants', and declarants' notes and working papers regarding such documents; and (d) attorney-client communications dated on or after November

6, 2019, the date on the face of the first notice letter that was received by Plaintiffs with respect to cariprazine.

50.    If any party breaches, or threatens to commit a breach, of any of the provisions of this Order, each non-breaching party or third party that produced information subject to this Order shall have the right to ask the Court for any remedies available under law or in equity, including having the Order specifically enforced (without posting any bond) and/or entering a restraining order or injunction (preliminary or permanent) against the breaching party for breaches, threatened or actual. It is agreed and acknowledged that, in the event of any such breach or threatened breach, the breaching party is not entitled to a presumption that money damages or legal remedies are sufficient or adequate to remedy such a breach.

51.    By written agreement of the Parties, or upon motion and order of the Court, the terms of this Order may be amended or modified, provided that any such stipulated modification concerning the use of any health information that is protected under state or federal privacy laws, or other applicable personal data protection laws, and is disclosed in discovery by a party or third party in this Proceeding shall be presented to the Court.

52.    This Order shall continue in force until amended or superseded by express order of the Court. This Order shall survive termination of this Proceeding, including any final judgment, appeal, or settlement to the extent the Confidential information is not or does not become known to the public.

53.    Nothing in this Order shall prejudice the right of any party or third party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

54.     In the event that a new party is added, substituted, or otherwise brought into this Proceeding, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

55.     A legible photocopy of a document may be used as the "original" for all purposes in this Proceeding unless under the circumstances it would be unfair to admit the duplicate in lieu of the original (*see* Fed. R. Evid. 1003).

56.     Each person or entity who receives any Confidential information agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

57.     Other Proceedings. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who in other proceedings becomes subject to a motion to disclose another party's information designated Confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard in the other proceeding on whether that information should be disclosed.

58.     In order to expedite the discovery process, until this Stipulated Protective Order has been entered by the Court, the Parties agree that after counsel for the Parties execute this Stipulated Protective Order, it will be treated as though it had been "So Ordered."

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Jeffrey B. Elikan
Erica N. Andersen
Chanson Chang
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001

*Attorneys for Plaintiffs*


RICHARDS, LAYTON & FINGER, P.A.

/s/ Kelly E. Farnan

_____

Kelly E. Farnan (#4395)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant Sun Pharmaceutical Industries Limited*

OF COUNSEL:

Brian J. Sodikoff
Matthew M. Holub
KATTEN MUCHIN ROSENMAN, LLP
525 W. Monroe Street
Chicago, IL 60661

Christopher B. Ferenc
KATTEN MUCHIN ROSENMAN LLP
2900 K Street, NW, Suite 200
Washington, DC 20007

*Attorneys for Defendant Sun Pharmaceutical Industries Limited*

MORRIS JAMES LLP

/s/ Kenneth L. Dorsney

Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendants Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc.*

OF COUNSEL:

Timothy H . Kratz, Esquire
George J. Barry III, Esquire
KRATZ & BARRY, LLP
1050 Crown Pointe Parkway, Suite 500
Atlanta, GA 30338

*Attorneys for Defendants Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc.*


YOUNG CONWAY STARGATT & TAYLOR, LLP

/s/ Pilar G. Kraman

Pilar G. Kraman (#5199)
Beth A. Swadley (#6331)
Rodney Square
1000 N. King Street
Wilmington, DE 19801
pkraman@ycst.com
bswadley@ycst.com

*Attorneys for Defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited*

OF COUNSEL:

Michael J. Gaertner, Esquire
David B. Abramowitz, Esquire
Carolyn A. Blessing, Esquire
Timothy F. Peterson, Esquire
Jonathan B. Turpin, Esquire
August M. Melcher, Esquire
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Attorneys for Defendants

*Attorneys for Defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited*


August 4, 2020


SO ORDERED this _____ day of August, 2020.


_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALLERGAN USA, INC., ALLERGAN SALES, LLC, FOREST LABORATORIES HOLDINGS LIMITED, and GEDEON RICHTER PLC., <br><br> Plaintiffs, <br><br> v. <br><br> SUN PHARMACEUTICAL INDUSTRIES LIMITED; AUROBINDO PHARMA LIMITED; AUROBINDO PHARMA USA, INC.; ZYDUS PHARMACEUTICALS (USA), INC., and CADILA HEALTHCARE LIMITED, <br><br> Defendants. | C.A. No. 19-cv-2317 (RGA) |

**<u>CERTIFICATION REGARDING PROTECTIVE ORDER</u>**

1.      I, _____, have been asked by counsel for Plaintiffs / Defendant(s) [circle one] in the above-captioned matter to review certain confidential documents or other information that is subject to the Stipulated Protective Order that has been or will be entered by the United States District Court for the District of Delaware in the above-captioned case.

2.      My present employer is _____ and the address of my present employer is _____. My present occupation or job title/description is _____.

3.     I have received a copy of the Stipulated Protective Order in this action. I have carefully read and understood its provisions.

4.     I will comply with all provisions of the Stipulated Protective Order, including but not limited to the following:

a.     I will not disclose any information, documents, or things designated as Confidential information to anyone other than those persons specifically authorized by the Stipulated Protective Order.

b.     I will not use any Confidential information for any purpose other than the above-captioned case.

c.     When requested to do so, I will return all materials containing Confidential information, and all documents and things that I have prepared relating thereto.

5.     I will take reasonable steps to restrict access to any Confidential information to only those persons authorized by the Stipulated Protective Order to have such access. I will inform any of my employees or staff who encounter Confidential information of the terms of the Stipulated Protective Order.

6.     I understand that my obligations regarding Confidential information under the Stipulated Protective Order apply equally to copies, summaries, excerpts, transcripts, indices, expert reports, or compilations of information containing Confidential information, as well as any knowledge or information derived from any such information I receive during the above-captioned action.

7.     I understand that if I violate the provisions of the Stipulated Protective Order, I will be subject to sanctions by the Court, and that the parties or third-parties that designated the information as Confidential information may assert other remedies against me.

–2–

8.      I voluntarily submit to the jurisdiction of the United States District Court for District of Delaware with respect to the enforcement of the Stipulated Protective Order, or with respect to any other order issued by the Court governing the use of Confidential information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____       _____