**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALLERGAN USA, INC., ALLERGAN SALES, LLC, ALLERGAN PHARMACEUTICALS INTERNATIONAL LIMITED, and Gedeon Richter PLC., <br><br> Plaintiffs, <br><br> v. <br><br> SUN PHARMACEUTICAL INDUSTRIES LIMITED; AUROBINDO PHARMA LIMITED; AUROBINDO PHARMA USA, INC.; ZYDUS PHARMACEUTICALS (USA), INC., and CADILA HEALTHCARE LIMITED, <br><br> Defendants. | C.A. No. 19-cv-2317 (RGA) (CJB) |

<u>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**</u>

Plaintiffs Allergan USA, Inc. ("Allergan USA"), Allergan Sales, LLC ("Allergan Sales"), Allergan Pharmaceuticals International Limited ("Allergan Pharmaceuticals"), and Gedeon Richter Plc. ("Gedeon Richter") (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Sun Pharmaceutical Industries Limited ("Sun"); Aurobindo Pharma Limited ("Aurobindo Limited") and Aurobindo Pharma USA, Inc. ("Aurobindo USA") (collectively, "Aurobindo"); and Zydus Pharmaceuticals (USA), Inc. ("Zydus USA") and Cadila Healthcare Limited d/b/a Zydus Cadila ("Zydus Cadila") (collectively, "Zydus") and hereby allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et*

*seq.*, arises from Sun's, Aurobindo's, and Zydus's recent submissions to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Applications ("ANDAs") seeking approval to market generic versions of all or certain strengths of Plaintiffs' pharmaceutical product VRAYLAR® (cariprazine capsules, 1.5 mg, 3 mg, 4.5 mg, and 6 mg) prior to the expiration of United States Patent Nos. 7,737,142 ("the '142 Patent"); 7,943,621 ("the '621 Patent"); 8,569,497 ("the '497 Patent"); 8,765,765 ("the '765 Patent"); and 8,569,496 ("the '496 Patent") (collectively "the asserted patents"). Specifically, Sun has submitted ANDA No. 213932 (the "Sun ANDA")[1] to the FDA prior to the expiration of the asserted patents; Aurobindo has submitted ANDA No. 213982 (the "Aurobindo ANDA") to the FDA prior to the expiration of the asserted patents; and Zydus has submitted ANDA No. 213984 (the "Zydus ANDA") to the FDA prior to the expiration of the asserted patents. Plaintiffs seek injunctive relief and any other relief the Court deems just and proper.

## PARTIES

2.    Plaintiff Allergan USA is a corporation organized and existing under the laws of Delaware, with a principal place of business at 5 Giralda Farms, Madison, New Jersey 07940. Allergan USA is the distributor of VRAYLAR® in the United States.

3.    Plaintiff Allergan Sales is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 5 Giralda Farms, Madison, New Jersey 07940. Allergan Sales holds New Drug Application ("NDA") No. 204370, under which FDA approved the marketing of VRAYLAR® for the treatment of schizophrenia in

---

[1] In the Notice Letter dated November 6, 2019, sent on behalf of Sun, both "ANDA No. 213932" and "ANDA No. 213725" were identified as the subject of the letter. Prior to the filing of this Complaint, Plaintiffs asked Sun's counsel to identify which of the two ANDA numbers was correct. On December 11, 2019, Sun's counsel represented via email that ANDA No. 213932 was correct, and thus Plaintiffs have identified ANDA No. 213932 for purposes of this Complaint. Plaintiffs reserve all rights with respect to Sun's Notice Letter.

2

adults, the acute treatment of manic or mixed episodes associated with bipolar I disorder in adults, and the treatment of depressive episodes associated with bipolar I disorder (bipolar depression) in adults.

4.      Plaintiff Allergan Pharmaceuticals (referred to herein, together with Allergan USA and Allergan Sales, as "Allergan") is a corporation organized under the laws of the Republic of Ireland, with offices at Clonshaugh Business & Technology Park, Dublin 17, D17 E400, Ireland. Allergan Pharmaceuticals is the exclusive licensee for the asserted patents in the United States.

5.      Plaintiff Gedeon Richter (a/k/a Richter Gedeon Nyrt.) is a corporation organized under the laws of Hungary, with offices at Gyömrői út 19-21, H-1103 Budapest, Hungary. Gedeon Richter owns the asserted patents.

6.      On information and belief, defendant Sun is a corporation organized and existing under the laws of India, with a principal place of business at Sun House, CTS No. 201 B/1, Western Express Highway, Goregaon (East), Mumbai, Maharashtra, India 400063.

7.      On information and belief, Sun caused the Sun ANDA to be submitted to FDA and seeks FDA approval of the Sun ANDA.

8.      On information and belief, Sun holds Drug Master File ("DMF") No. 33834 for cariprazine hydrochloride.

9.      On information and belief, Sun intends to commercially manufacture, market, offer for sale, and sell its proposed generic cariprazine capsules, 1.5 mg, 3 mg, 4.5 mg, and 6 mg (the "Sun ANDA Products") throughout the United States, including in Delaware, in the event FDA approves the Sun ANDA.

10.     On information and belief, defendant Aurobindo Limited is a corporation

organized and existing under the laws of India, with a principal place of business at Water Mark Building, Plot No. 11, Survey no. 9, Kondapur, Hitech City, Hyderabad – 500 084, Telangana, India.

11.     On information and belief, defendant Aurobindo USA is a corporation organized and existing under the laws of Delaware, with a principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520. On information and belief, defendant Aurobindo USA is a wholly owned subsidiary of defendant Aurobindo Limited.

12.     On information and belief, Aurobindo Limited caused the Aurobindo ANDA to be submitted to FDA and seeks FDA approval of the Aurobindo ANDA.

13.     On information and belief, Aurobindo Limited holds DMF No. 33956 for cariprazine hydrochloride premix.

14.     On information and belief, Aurobindo Limited and Aurobindo USA collaborated in the preparation and submission of the Aurobindo ANDA and DMF No. 33956 and continue to collaborate in pursuing FDA approval of the Aurobindo ANDA and seeking to market the proposed generic cariprazine capsules, 1.5 mg, 3 mg, and 6 mg (the "Aurobindo ANDA Products").

15.     On information and belief, Aurobindo intends to commercially manufacture, market, offer for sale, and sell the Aurobindo ANDA Products throughout the United States, including in Delaware, in the event FDA approves the Aurobindo ANDA.

16.     On information and belief, Aurobindo Limited and Aurobindo USA rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in Delaware. On information and belief, Aurobindo Limited and Aurobindo USA intend to act collaboratively to commercially manufacture, market,

distribute, offer for sale, and/or sell the Aurobindo ANDA Products, in the event FDA approves the Aurobindo ANDA.

17.     On information and belief, defendant Zydus USA is a corporation organized and existing under the laws of New Jersey, with a principal place of business at 73 Route 31 North, Pennington, Jersey, 08534. On information and belief, Zydus USA is a wholly owned subsidiary of Zydus Cadila.

18.     On information and belief, defendant Zydus Cadila is a corporation organized and existing under the laws of India, with a principal place of business at Zydus Tower, Satellite Cross Roads, Ahmedabad-380015, Gujarat, India.

19.     On information and belief, Zydus USA and Zydus Cadila collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On further information and belief, Zydus USA and Zydus Cadila are agents of one another and/or operate in concert as integrated parts of the same business group.

20.     On information and belief, Zydus caused the Zydus ANDA to be submitted to FDA and seeks FDA approval of the Zydus ANDA.

21.     On information and belief, Zydus USA and Zydus Cadila collaborated in the preparation and submission of the Zydus ANDA and continue to collaborate in pursuing FDA approval of the Zydus ANDA and seeking to market the proposed generic cariprazine capsules, 1.5 mg, 3 mg, 4.5 mg, and 6 mg (the "Zydus ANDA Products").

22.     On information and belief, Zydus intends to commercially manufacture, market, offer for sale, and sell the Zydus ANDA Products throughout the United States, including in Delaware, in the event FDA approves the Zydus ANDA.

23.     On information and belief, Zydus USA and Zydus Cadila rely on material

assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in Delaware. On information and belief, Zydus USA and Zydus Cadila intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell the Zydus ANDA Products, in the event FDA approves the Zydus ANDA.

## JURISDICTION AND VENUE

24.     This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and alleges infringement of the asserted patents. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. *See also Vanda Pharm, Inc.v. W-Ward Pharm. Int'l*, 887 F.3d 1117, 1123–25 (Fed. Cir. 2018).

25.     This Court has personal jurisdiction over Sun because, on information and belief, Sun, *inter alia*, has continuous and systematic contacts with Delaware, regularly conducts business in Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in Delaware, and intends to sell the Sun ANDA Products in Delaware upon approval of the Sun ANDA.

26.     Sun has not contested that this Court has personal jurisdiction and has filed counterclaims in this action on April 20, 2020 (D.I. 23), availing itself of this Court's jurisdiction.

27.     On information and belief, Sun is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Sun manufactures, distributes, markets and/or sells throughout the United States and in this judicial district.

6

28.     On information and belief, Sun is licensed to sell generic and proprietary pharmaceutical products in Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

29.     Sun has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the asserted patents that will lead to foreseeable harm and injury to Plaintiffs. On information and belief, and as indicated by a letter dated November 6, 2019 sent by Sun to, *inter alia*, Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(b) ("Sun's Notice Letter"), Sun prepared and filed the Sun ANDA with the intention of seeking to market the Sun ANDA Products nationwide, including within this judicial district.

30.     On information and belief, Sun plans to sell the Sun ANDA Products in Delaware, list the Sun ANDA Products on Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the Sun ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

31.     On information and belief, Sun knows and intends that the Sun ANDA Products will be distributed and sold in Delaware and will thereby displace sales of VRAYLAR®, causing injury to Plaintiffs. Sun intends to take advantage of its established channels of distribution in Delaware for the sale of the Sun ANDA Products.

32.     Sun has engaged in patent litigation concerning FDA-approved drug products in this judicial district and has not contested personal jurisdiction or venue in this judicial district in such litigation. *See, e.g.*, *Pfizer, Inc. v. Sun Pharm. Indus., Ltd.*, No. 19-758 (CFC) (D. Del. July 10, 2019); *Merck Sharp & Dohme Corp. v. Sun Pharma Global FZE*, No. 19-319 (RGA) (D. Del. Apr. 10, 2019); *Pharmacyclics LLC v. Sun Pharma Global FZE*, No. 18-1543 (CFC) (D. Del. Oct. 31, 2018).

33.     Additionally, this Court has personal jurisdiction over Sun because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Sun is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Sun has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of the Sun ANDA, preparing and submitting DMF No. 33834 to FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over Sun satisfies due process.

34.     Venue is proper in this district for Sun pursuant to 28 U.S.C. § 1391(c)(3) because, *inter alia*, Sun is a corporation organized and existing under the laws of India and may be sued in any judicial district.

35.     Sun has not contested venue in this judicial district and has filed counterclaims in this action on April 20, 2020 (D.I. 23), including allegations that venue is proper in this judicial district.

36.     This Court has personal jurisdiction over Aurobindo because, on information and belief, Aurobindo USA is a Delaware corporation. Aurobindo, *inter alia*, has continuous and systematic contacts with Delaware, regularly conducts business in Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in Delaware, and intends to sell the Aurobindo ANDA Products in Delaware upon approval of the Aurobindo ANDA.

37.     Aurobindo has not contested that this Court has personal jurisdiction and has filed counterclaims in this action on March 3, 2020 (D.I. 14), availing itself of this Court's jurisdiction.

38.     On information and belief, Aurobindo is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Aurobindo manufactures, distributes, markets and/or sells throughout the United States and in this judicial district.

39.     On information and belief, Aurobindo is licensed to sell generic and proprietary pharmaceutical products in Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

40.     Aurobindo has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs. On information and belief and as indicated by a letter dated November 11, 2019 sent by Aurobindo Limited to, *inter alia*, Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(b) ("Aurobindo's Notice Letter"), Aurobindo prepared and filed the Aurobindo ANDA with the intention of seeking to market the Aurobindo ANDA Products nationwide, including within this judicial district.

41.     On information and belief, Aurobindo plans to sell the Aurobindo ANDA Products in Delaware, list the Aurobindo ANDA Products on Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the Aurobindo ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

42.     On information and belief, Aurobindo knows and intends that the Aurobindo ANDA Products will be distributed and sold in Delaware and will thereby displace sales of VRAYLAR®, causing injury to Plaintiffs. Aurobindo intends to take advantage of its established

channels of distribution in Delaware for the sale of the Aurobindo ANDA Products.

43.     Aurobindo Limited and Aurobindo USA have engaged in patent litigation concerning FDA-approved drug products in this judicial district and have not contested personal jurisdiction or venue in this judicial district in such litigation. *See Boehringer Ingelheim Pharms., Inc. v. Aurobindo Pharma Ltd.*, No. 18-1862 (CFC) (D. Del. Oct. 30, 2019); *Pfizer, Inc. v. Aurobindo Pharma Ltd.*, No. 19-748 (CFC) (D. Del. July 8, 2019); *Gilead Scis., Inc. v. Aurobindo Pharma Ltd.*, No. 18-765 (JFB) (D. Del. Sept. 12, 2018).

44.     Additionally, this Court has personal jurisdiction over Aurobindo Limited because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Aurobindo Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Aurobindo Limited has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of the Aurobindo ANDA, preparing and submitting DMF No. 33956 to FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over Aurobindo Limited satisfies due process.

45.     Venue is proper in this district for Aurobindo Limited pursuant to 28 U.S.C. § 1391(c)(3) because, *inter alia*, Aurobindo Limited is a corporation organized and existing under the laws of India and may be sued in any judicial district.

46.     Venue is proper in this district for Aurobindo USA pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Aurobindo USA resides in this judicial district.

47.     Aurobindo has not contested venue in this judicial district and has filed counterclaims in this action on March 3, 2020 (D.I. 14), including allegations that venue is proper

in this judicial district.

48.    This Court has personal jurisdiction over Zydus because, on information and belief, Zydus, *inter alia*, has continuous and systematic contacts with Delaware, regularly conducts business in Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in Delaware, and intends to sell the Zydus ANDA Products in Delaware upon approval of the Zydus ANDA.

49.    Zydus has not contested that this Court has personal jurisdiction and has filed counterclaims in this action on April 27, 2020 (D.I. 26), availing itself of this Court's jurisdiction.

50.    On information and belief, Zydus is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Zydus manufactures, distributes, markets and/or sells throughout the United States and in this judicial district.

51.    On information and belief, Zydus is licensed to sell generic and proprietary pharmaceutical products in Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

52.    Zydus has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs. On information and belief and as indicated by a letter dated November 8, 2019 sent by Zydus USA to, *inter alia*, Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(b) ("Zydus's Notice Letter"), Zydus prepared and filed the Zydus ANDA with the intention of seeking to market the

Zydus ANDA Products nationwide, including within this judicial district.

53.     On information and belief, Zydus plans to sell the Zydus ANDA Products in Delaware, list the Zydus ANDA Products on Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the Zydus ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

54.     On information and belief, Zydus knows and intends that the Zydus ANDA Products will be distributed and sold in Delaware and will thereby displace sales of VRAYLAR®, causing injury to Plaintiffs. Zydus intends to take advantage of its established channels of distribution in Delaware for the sale of the Zydus ANDA Products.

55.     Zydus USA and Zydus Cadila have engaged in patent litigation concerning FDA-approved drug products in this judicial district and have not contested personal jurisdiction or venue in this judicial district in such litigation. *See, e.g.*, *Boehringer Ingelheim Pharms. Inc. v. Zydus Pharms. (USA) Inc.*, No. 19-1501 (CFC) (D. Del. Sept. 4, 2019); *Sanofi-Aventis U.S. LLC v. Zydus Pharms. (USA) Inc.*, No. 17-34 (GMS) (D. Del. Apr. 10, 2017); *Astellas Pharma Inc. v. Zydus Pharms. (USA) Inc.*, No. 16-1167 (GMS) (D. Del. Feb. 27. 2017).

56.     Additionally, this Court has personal jurisdiction over Zydus Cadila because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Zydus Cadila is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Zydus Cadila has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of the Zydus ANDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over Zydus Cadila satisfies due process.

57.     Venue is proper in this district for Zydus USA under 28 U.S.C. §§ 1391 and 1400(b).

58.     Venue is proper in this district for Zydus Cadila pursuant to 28 U.S.C. § 1391(c)(3) because, *inter alia*, Zydus Cadila is a corporation organized and existing under the laws of India and may be sued in any judicial district.

59.     Zydus has not contested venue in this judicial district and has filed counterclaims in this action on April 27, 2020 (D.I. 26), including allegations that venue is proper in this judicial district.

## THE ASSERTED PATENTS AND VRAYLAR®

60.     VRAYLAR®, an atypical antipsychotic used to treat schizophrenia, bipolar mania, and bipolar depression, is manufactured by Forest Laboratories Ireland Limited for subsequent sale in the United States by Allergan.

61.     The '142 Patent, titled "(Thio) Carbamoyl-Cyclohexane Derivatives as D3/D2 Receptor Antagonists," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on June 15, 2010. A true and correct copy of the '142 Patent is attached as Exhibit A.

62.     The '621 Patent, titled "Salts of Piperazine Compounds as D3/D2 antagonists," was duly and legally issued by the USPTO on May 17, 2011. A true and correct copy of the '621 Patent is attached as Exhibit B.

63.     The '497 Patent, titled "Process for the Preparation of Piperazine Derivatives," was duly and legally issued by the USPTO on October 29, 2013. A true and correct copy of the '497 Patent is attached as Exhibit C.

64.     The '765 Patent, titled "Metabolites of (Thio) Carbamoyl-Cyclohexane Derivatives," was duly and legally issued by the USPTO on July 1, 2014. A true and correct

copy of the '765 Patent is attached as Exhibit D.

65.     The '496 Patent, titled "Piperazine Salt and a Process for the Preparation Thereof," was duly and legally issued by the USPTO on October 29, 2013. A true and correct copy of the '496 Patent is attached as Exhibit E.

66.     Allergan Sales holds NDA No. 204370, under which FDA approved the marketing of VRAYLAR® for the treatment of schizophrenia in adults, and for the treatment of manic or mixed episodes associated with bipolar I disorder in adults, on September 17, 2015. FDA approved the marketing of VRAYLAR® for the treatment of depressive episodes associated with bipolar I disorder (bipolar depression) in adults on May 24, 2019.

67.     The FDA has listed the '142 and '621 Patents in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "*Orange Book*") for NDA No. 204370.

## THE SUN ANDA AND NOTICE OF PARAGRAPH IV CERTIFICATION

68.     On information and belief, Sun submitted the Sun ANDA to the FDA under 21 U.S.C. § 355(j), to obtain approval to engage in the commercial manufacture, use, or sale of the products described therein as purported generic versions of VRAYLAR® (cariprazine capsules, 1.5 mg, 3 mg, 4.5 mg, and 6 mg) prior to the expiration of the '142 and '621 Patents.

69.     Sun sent Plaintiffs Sun's Notice Letter. Sun's Notice Letter represented that Sun had submitted to the FDA the Sun ANDA and a purported Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the Sun ANDA, before the expiration of the '142 and '621 Patents. Hence, Sun's purpose in submitting the Sun ANDA is to manufacture and market the Sun ANDA Products before the expiration of the '142 and '621 Patents. Sun's Notice Letter also stated that the Paragraph IV Certification alleges that the '142 and '621 Patents are invalid, unenforceable, and/or would not be infringed by the commercial

manufacture, use, or sale of the Sun ANDA Products.

70.    For at least one claim of each of the '142 and '621 Patents, Sun's Notice Letter failed to allege that the Sun ANDA Products or the proposed administration of the Sun ANDA Products would not meet the limitations of that claim.

71.    On information and belief, Sun prepared and submitted the Sun ANDA, and intends to further prosecute the Sun ANDA. On information and belief, if the FDA approves the Sun ANDA, Sun will manufacture, offer for sale, or sell the Sun ANDA Products within the United States, or will import the Sun ANDA Products into the United States. On information and belief, if the FDA approves the Sun ANDA, Sun will actively induce or contribute to the manufacture, use, offer for sale, or sale of the Sun ANDA Products in the United States.

72.    Plaintiffs originally brought this action within forty-five days of receipt of Sun's Notice Letter. Accordingly, Plaintiffs are entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and 21 U.S.C. § 355(j)(5)(F)(ii).

73.    This Amended Complaint is timely filed by the May 14, 2021 deadline for amended pleadings as set forth in the Court's Scheduling Order. D.I. 38 at 1.

**THE AUROBINDO ANDA AND NOTICE OF PARAGRAPH IV CERTIFICATION**

74.    On information and belief, Aurobindo Limited submitted the Aurobindo ANDA to FDA under 21 U.S.C. § 355(j), to obtain approval to engage in the commercial manufacture, use, or sale of the products described therein as purported generic versions of VRAYLAR® (cariprazine capsules, 1.5 mg, 3 mg, and 6 mg), prior to the expiration of the '142 and '621 Patents.

75.    Aurobindo Limited sent Plaintiffs Aurobindo's Notice Letter. Aurobindo's Notice Letter represented that Aurobindo Limited had submitted to the FDA Aurobindo's ANDA and a purported Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV)

to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the Aurobindo ANDA, before the expiration of the '142 and '621 Patents. Hence, Aurobindo Limited's purpose in submitting the Aurobindo ANDA is to manufacture and market the Aurobindo ANDA Products before the expiration of the '142 and '621 Patents. Aurobindo's Notice Letter also stated that the Paragraph IV Certification alleges that the '142 and '621 Patents are invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use, or sale of the Aurobindo ANDA Products.

76.     For at least one claim of each of the '142 and '621 Patents, Aurobindo's Notice Letter failed to allege that the Aurobindo ANDA Products or the proposed administration of the Aurobindo ANDA Products would not meet the limitations of that claim.

77.     On information and belief, Aurobindo Limited prepared and submitted the Aurobindo ANDA, and intends to further prosecute the Aurobindo ANDA. On information and belief, if the FDA approves the Aurobindo ANDA, Aurobindo will manufacture, offer for sale, or sell the Aurobindo ANDA Products within the United States, or will import the Aurobindo ANDA Products into the United States. On information and belief, if the FDA approves the Aurobindo ANDA, Aurobindo will actively induce or contribute to the manufacture, use, offer for sale, or sale of the Aurobindo ANDA Products in the United States.

78.     Plaintiffs originally brought this action within forty-five days of receipt of Aurobindo's Notice Letter. Accordingly, Plaintiffs are entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and 21 U.S.C. § 355(j)(5)(F)(ii).

79.     This Amended Complaint is timely filed by the May 14, 2021 deadline for amended pleadings as set forth in the Court's Scheduling Order. D.I. 38 at 1.

**THE ZYDUS ANDA AND NOTICE OF PARAGRAPH IV CERTIFICATION**

80.     On information and belief, Zydus USA submitted the Zydus ANDA to the FDA

under 21 U.S.C. § 355(j), to obtain approval to engage in the commercial manufacture, use, or sale of the products described therein as purported generic versions of VRAYLAR® (cariprazine capsules, 1.5 mg, 3 mg, 4.5 mg and 6 mg) prior to the expiration of the '142 and '621 Patents.

81.     Zydus USA sent Zydus's Notice Letter to Plaintiffs. Zydus's Notice Letter represented that Zydus had submitted to the FDA the Zydus ANDA and a purported Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the Zydus ANDA, before the expiration of the '142 and '621 Patents. Hence, Zydus's purpose in submitting the Zydus ANDA is to manufacture and market the Zydus ANDA Products before the expiration of the '142 and '621 Patents. Zydus's Notice Letter also stated that the Paragraph IV Certification alleges that the '142 and '621 Patents are invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use, or sale of the Zydus ANDA Products.

82.     For at least one claim of each of the '142 and '621 Patents, Zydus's Notice Letter failed to allege that the Zydus ANDA Products or the proposed administration of the Zydus ANDA Products would not meet the limitations of that claim.

83.     On information and belief, Zydus USA prepared and submitted the Zydus ANDA, and intends to further prosecute the Zydus ANDA. On information and belief, if FDA approves the Zydus ANDA, Zydus will manufacture, offer for sale, or sell the Zydus ANDA Products within the United States, or will import the Zydus ANDA Products into the United States. On information and belief, if FDA approves the Zydus ANDA, Zydus will actively induce or contribute to the manufacture, use, offer for sale, or sale of the Zydus ANDA Products in the United States.

84.     Plaintiffs originally brought this action within forty-five days of receipt of Zydus's Notice Letter. Accordingly, Plaintiffs are entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and 21 U.S.C. § 355(j)(5)(F)(ii).

85.     This Amended Complaint is timely filed by the May 14, 2021 deadline for amended pleadings as set forth in the Court's Scheduling Order. D.I. 38 at 1.

**COUNT 1:**
**INFRINGEMENT OF THE '142 PATENT BY SUN**

86.     Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

87.     On information and belief, Sun has submitted the Sun ANDA to the FDA, and continues to seek FDA approval of the Sun ANDA.

88.     Plaintiffs own all rights, title, and interest in and to the '142 Patent.

89.     The Sun ANDA Products infringe one or more claims of the '142 Patent.

90.     Sun did not contest infringement of at least claims 1–5, 10–13, 19–20, and 24 of the '142 Patent in Sun's Notice Letter. If Sun had a factual or legal basis to contest infringement of the claims of the '142 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

91.     Sun has infringed the '142 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Sun ANDA with a Paragraph IV Certification and seeking FDA approval of the Sun ANDA prior to the expiration of the '142 Patent.

92.     Upon information and belief, Sun's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States of the Sun ANDA Products would directly infringe, and would actively induce and contribute to infringement of the '142 Patent. *See* 35 U.S.C. § 271(a), (b), (c), and (g). Accordingly, unless enjoined by this

Court, upon FDA approval of the Sun ANDA, Sun will make, use, offer to sell, or sell the Sun ANDA Products within the United States, or will import the Sun ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '142 Patent. *See id.*

93.     On information and belief, upon FDA approval of the Sun ANDA, Sun will market and distribute the Sun ANDA Products to resellers, pharmacies, health care professionals, and end users of the Sun ANDA Products. Accompanying the Sun ANDA Products, Sun will also knowingly and intentionally include a product label and insert containing instructions for administering the Sun ANDA Products. Accordingly, Sun will induce physicians and other health care professionals, resellers, pharmacies, and end users of the Sun ANDA Products to directly infringe one or more claims of the '142 Patent. In addition, on information and belief, Sun will encourage acts of direct infringement with knowledge of the '142 Patent and knowledge that it is encouraging infringement.

94.     Sun had actual and constructive notice of the '142 Patent prior to filing the Sun ANDA, and was aware that the filing of the Sun ANDA with the request for FDA approval prior to the expiration of the '142 Patent would constitute an act of infringement of the '142 Patent.

95.     Sun filed the Sun ANDA without adequate justification for asserting that the '142 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Sun ANDA Products. Sun's conduct in certifying invalidity with respect to the '142 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

96.     Plaintiffs will be irreparably harmed if Sun is not enjoined from infringing, and

from actively inducing and contributing to the infringement of the '142 Patent. Plaintiffs do not have an adequate remedy at law.

**COUNT 2:**
**<u>INFRINGEMENT OF THE '621 PATENT BY SUN</u>**

97.    Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

98.    On information and belief, Sun has submitted the Sun ANDA to the FDA, and continues to seek FDA approval of the Sun ANDA.

99.    Plaintiffs own all rights, title, and interest in and to the '621 Patent.

100.    The Sun ANDA Products infringe one or more claims of the '621 Patent.

101.    Sun did not contest infringement of at least claim 17 of the '621 Patent in Sun's Notice Letter. If Sun had a factual or legal basis to contest infringement of the claims of the '621 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

102.    Sun has infringed the '621 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Sun ANDA with a Paragraph IV Certification and seeking FDA approval of the Sun ANDA prior to the expiration of the '621 Patent.

103.    Upon information and belief, Sun's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States of the Sun ANDA Products would directly infringe, and would actively induce and contribute to infringement of the '621 Patent. *See* 35 U.S.C. § 271(a), (b), (c), and (g). Accordingly, unless enjoined by this Court, upon FDA approval of the Sun ANDA, Sun will make, use, offer to sell, or sell the Sun ANDA Products within the United States, or will import the Sun ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the

20

infringement of one or more claims of the '621 Patent. *See id.*

104.    On information and belief, Sun will encourage acts of direct infringement with knowledge of the '621 Patent and knowledge that it is encouraging infringement.

105.    Sun had actual and constructive notice of the '621 Patent prior to filing the Sun ANDA, and was aware that the filing of the Sun ANDA with the request for FDA approval prior to the expiration of the '621 Patent would constitute an act of infringement of the '621 Patent.

106.    Sun filed the Sun ANDA without adequate justification for asserting that the '621 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Sun ANDA Products. Sun's conduct in certifying invalidity with respect to the '621 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

107.    Plaintiffs will be irreparably harmed if Sun is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '621 Patent. Plaintiffs do not have an adequate remedy at law.

## COUNT 3:
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '497 PATENT BY SUN:

108.    Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

109.    Plaintiffs' claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 271(g).

110.    On information and belief, Sun has submitted the Sun ANDA to the FDA, and continues to seek FDA approval of the Sun ANDA.

111.    Plaintiffs own all rights, title, and interest in and to the '497 Patent.

112.     Sun infringes at least claim 1 of the '497 Patent.

113.     The '497 Patent includes claims that recite a process for the preparation of compounds, including cariprazine, by reacting a compound of formula (III) with a carbamoylchloride of general formula (II) in "a mixture of a solvent and concentrated aqueous solution of an alkali hydroxide at a temperature between 40-100°C in the presence of a phase transfer catalyst, separating the phases and washing the organic layer then removing the solvent and drying the compound" obtained.

114.     On information and belief, Sun manufactures the cariprazine in Sun's ANDA Products according to the claimed process in the '497 Patent.

115.     Upon information and belief, Sun's synthesis of cariprazine includes the steps of reacting a compound of formula III with a carbamoylchloride compound of formula II. Upon information and belief, the reaction step is carried out in a mixture of a solvent and concentrated aqueous solution of an alkali hydroxide at a temperature between 40–100°C in the presence of a phase transfer catalyst. Upon information and belief, Sun then separates the phases and washes the organic layer then removes the solvent and dries the cariprazine that is obtained.

116.     Upon information and belief, the cariprazine manufactured by Sun is not materially changed by subsequent processes and is a significant and essential component of Sun's ANDA Products.

117.     Upon information and belief, Sun's use, import, sale and/or offer for sale of Sun's ANDA Product, prior to the expiration of the '497 Patent would infringe the '497 Patent under 35 U.S.C. § 271(g). Accordingly, unless enjoined by this Court, upon FDA approval of the Sun ANDA, Sun will make, use, offer to sell, or sell the Sun ANDA Products within the United States, or will import the Sun ANDA Products into the United States, and will thereby infringe at least

claim 1 of the '497 Patent. *See id.*

118.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Sun concerning liability for the infringement of the '497 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

119.     The first amended complaint provides Sun notice of the '497 Patent and its infringement of the '497 Patent, to the extent that Sun did not already have such notice.

120.     Plaintiffs will be irreparably harmed if Sun is not enjoined from infringing the '497 Patent. Plaintiffs do not have an adequate remedy at law.

### COUNT 4:
### INFRINGEMENT OF THE '765 PATENT BY SUN

121.     Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

122.     On information and belief, Sun has submitted the Sun ANDA to the FDA, and continues to seek FDA approval of the Sun ANDA.

123.     Plaintiffs own all rights, title, and interest in and to the '765 Patent.

124.     The Sun ANDA Products infringe at least claim 9 of the '765 Patent.

125.     The '765 Patent includes, but is not limited to, claims that recite pharmaceutical compositions comprising certain compounds.

126.     Upon information and belief, Sun's ANDA Products are pharmaceutical formulations comprising at least one of the compounds recited in claim 9 of the '765 Patent.

127.     Sun has infringed the '765 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Sun ANDA and seeking FDA approval of the Sun ANDA prior to the expiration of the '765 Patent. Subject matter jurisdiction over this Count exists pursuant to 35 U.S.C. § 271(e)(2)(A) and

28 U.S.C. § 1338(a). *See Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1123–25 (Fed. Cir. 2018).

128.     Upon information and belief, Sun's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Sun ANDA Products would directly infringe the '765 Patent under 35 U.S.C. § 271(a). Accordingly, unless enjoined by this Court, upon FDA approval of the Sun ANDA, Sun will make, use, offer to sell, or sell the Sun ANDA Products within the United States, or will import the Sun ANDA Products into the United States, and will thereby infringe at least claim 9 of the '765 Patent. *See id.*

129.     The first amended complaint provides Sun notice of the '765 Patent and its infringement of the '765 Patent, to the extent that Sun did not already have such notice.

130.     Plaintiffs will be irreparably harmed if Sun is not enjoined from infringing the '765 Patent. Plaintiffs do not have an adequate remedy at law.

## COUNT 5:
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '765 PATENT BY SUN

131.     Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

132.     Plaintiffs' claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 271(a).

133.     On information and belief, Sun has submitted the Sun ANDA to the FDA, and continues to seek FDA approval of the Sun ANDA.

134.     Plaintiffs own all rights, title, and interest in and to the '765 Patent.

135.     The Sun ANDA Products infringe at least claim 9 of the '765 Patent.

136.     The '765 Patent includes, but is not limited to, claims that recite pharmaceutical compositions comprising certain compounds.

137.     Upon information and belief, Sun's ANDA Products are pharmaceutical formulations comprising at least one of the compounds recited in claim 9 of the '765 Patent.

138.     Upon information and belief, Sun's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Sun ANDA Products would directly infringe the '765 Patent under 35 U.S.C. § 271(a). Accordingly, unless enjoined by this Court, upon FDA approval of the Sun ANDA, Sun will make, use, offer to sell, or sell the Sun ANDA Products within the United States, or will import the Sun ANDA Products into the United States, and will thereby infringe at least claim 9 of the '765 Patent. *See id.*

139.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Sun concerning liability for the infringement of the '765 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

140.     The first amended complaint provides Sun notice of the '765 Patent and its infringement of the '765 Patent, to the extent that Sun did not already have such notice.

141.     Plaintiffs will be irreparably harmed if Sun is not enjoined from infringing the '765 Patent. Plaintiffs do not have an adequate remedy at law.

**COUNT 6:**
**INFRINGEMENT OF THE '496 PATENT BY SUN**

142.     Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

143.     On information and belief, Sun has submitted the Sun ANDA to the FDA, and continues to seek FDA approval of the Sun ANDA.

144.     Plaintiffs own all rights, title, and interest in and to the '496 Patent.

145.     The Sun ANDA Products infringe claim 1 of the '496 Patent.

146.    The '496 Patent includes claim 1, which recites trans N-{4-{-[4-(2,3-dichlorophenyl)-piperazine-1-yl]-ethyl}-cyclohexylamine dihydrochloride monohydrate.

147.    Upon information and belief, Sun's ANDA Products contain trans N-{4-{-[4-(2,3-dichlorophenyl)-piperazine-1-yl]-ethyl}-cyclohexylamine dihydrochloride monohydrate.

148.    Sun has infringed the '496 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Sun ANDA and seeking FDA approval of the Sun ANDA prior to the expiration of the '496 Patent. Subject matter jurisdiction over this Count exists pursuant to 35 U.S.C. § 271(e)(2)(A) and 28 U.S.C. § 1338(a). *See Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1123–25 (Fed. Cir. 2018).

149.    Upon information and belief, Sun's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Sun ANDA Products would directly infringe the '496 Patent under 35 U.S.C. § 271(a). Accordingly, unless enjoined by this Court, upon FDA approval of the Sun ANDA, Sun will make, use, offer to sell, or sell the Sun ANDA Products within the United States, or will import the Sun ANDA Products into the United States, and will thereby infringe claim 1 of the '496 Patent. *See id.*

150.    The first amended complaint provides Sun notice of the '496 Patent and its infringement of the '496 Patent, to the extent that Sun did not already have such notice.

151.    Plaintiffs will be irreparably harmed if Sun is not enjoined from infringing the '496 Patent. Plaintiffs do not have an adequate remedy at law.

**COUNT 7:**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '496 PATENT BY SUN**

152.    Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

153.    Plaintiffs' claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201

and 2202, and 35 U.S.C. § 271(a).

154.    On information and belief, Sun has submitted the Sun ANDA to the FDA, and continues to seek FDA approval of the Sun ANDA.

155.    Plaintiffs own all rights, title, and interest in and to the '496 Patent.

156.    The Sun ANDA Products infringe claim 1 of the '496 Patent.

157.    The '496 Patent includes claim 1, which recites trans N-{4-{-[4-(2,3-dichlorophenyl)-piperazine-1-yl]-ethyl}-cyclohexylamine dihydrochloride monohydrate.

158.    Upon information and belief, Sun's ANDA Products contain trans N-{4-{-[4-(2,3-dichlorophenyl)-piperazine-1-yl]-ethyl}-cyclohexylamine dihydrochloride monohydrate.

159.    Upon information and belief, Sun's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Sun ANDA Products would directly infringe the '496 Patent under 35 U.S.C. § 271(a). Accordingly, unless enjoined by this Court, upon FDA approval of the Sun ANDA, Sun will make, use, offer to sell, or sell the Sun ANDA Products within the United States, or will import the Sun ANDA Products into the United States, and will thereby infringe claim 1 of the '496 Patent. *See id.*

160.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Sun concerning liability for the infringement of the '496 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

161.    The first amended complaint provides Sun notice of the '496 Patent and its infringement of the '496 Patent, to the extent that Sun did not already have such notice.

162.    Plaintiffs will be irreparably harmed if Sun is not enjoined from infringing the '496 Patent. Plaintiffs do not have an adequate remedy at law.

## COUNT 8:
## <u>INFRINGEMENT OF THE '142 PATENT BY AUROBINDO</u>

163.     Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

164.     On information and belief, Aurobindo Limited has submitted the Aurobindo ANDA to the FDA, and continues to seek FDA approval of the Aurobindo ANDA.

165.     Plaintiffs own all rights, title, and interest in and to the '142 Patent.

166.     The Aurobindo ANDA Products infringe one or more claims of the '142 Patent.

167.     Aurobindo did not contest infringement of at least claims 1–5 and 10–28 of the '142 Patent in Aurobindo's Notice Letter. If Aurobindo had a factual or legal basis to contest infringement of the claims of the '142 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

168.     Aurobindo Limited has infringed the '142 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Aurobindo ANDA with a Paragraph IV Certification and seeking FDA approval of the Aurobindo ANDA prior to the expiration of the '142 Patent.

169.     Upon information and belief, Aurobindo's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States of the Aurobindo ANDA Products would directly infringe, and would actively induce and contribute to infringement of the '142 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), (c), and (g). Accordingly, unless enjoined by this Court, upon FDA approval of the Aurobindo ANDA, Aurobindo will make, use, offer to sell, or sell the Aurobindo ANDA Products within the United States, or will import the Aurobindo ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '142 Patent. *See id.*

170.    On information and belief, upon FDA approval of the Aurobindo ANDA, Aurobindo will market and distribute the Aurobindo ANDA Products to resellers, pharmacies, healthcare professionals, and end users of the Aurobindo ANDA Products. Accompanying the Aurobindo ANDA Products, Aurobindo will also knowingly and intentionally include a product label and insert containing instructions for administering the Aurobindo ANDA Products. Accordingly, Aurobindo will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of the Aurobindo ANDA Products to directly infringe one or more claims of the '142 Patent. In addition, on information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '142 Patent and knowledge that it is encouraging infringement.

171.    Aurobindo had actual and constructive notice of the '142 Patent prior to filing the Aurobindo ANDA, and was aware that the filing of the Aurobindo ANDA with the request for FDA approval prior to the expiration of the '142 Patent would constitute an act of infringement of the '142 Patent.

172.    Aurobindo filed the Aurobindo ANDA without adequate justification for asserting that the '142 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Aurobindo ANDA Products. Aurobindo's conduct in certifying invalidity with respect to the '142 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

173.    Plaintiffs will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '142 Patent. Plaintiffs do not have an adequate remedy at law.

**COUNT 9:**
**INFRINGEMENT OF THE '621 PATENT BY AUROBINDO**

174.     Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

175.     On information and belief, Aurobindo Limited has submitted the Aurobindo ANDA to the FDA, and continues to seek FDA approval of the Aurobindo ANDA.

176.     Plaintiffs own all rights, title, and interest in and to the '621 Patent.

177.     The Aurobindo ANDA Products infringe one or more claims of the '621 Patent.

178.     Aurobindo did not contest infringement of at least claims 1, 12, and 17 of the '621 Patent in Aurobindo's Notice Letter. If Aurobindo had a factual or legal basis to contest infringement of the claims of the '621 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

179.     Aurobindo Limited has infringed the '621 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Aurobindo ANDA with a Paragraph IV Certification and seeking FDA approval of the Aurobindo ANDA prior to the expiration of the '621 Patent.

180.     Upon information and belief, Aurobindo's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States of the Aurobindo ANDA Products would directly infringe, and would actively induce and contribute to infringement of the '621 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), (c), and (g). Accordingly, unless enjoined by this Court, upon FDA approval of the Aurobindo ANDA, Aurobindo will make, use, offer to sell, or sell the Aurobindo ANDA Products within the United States, or will import the Aurobindo ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '621 Patent. *See id.*

181.    On information and belief, Aurobindo will encourage acts of direct infringement with knowledge of the '621 Patent and knowledge that it is encouraging infringement.

182.    Aurobindo had actual and constructive notice of the '621 Patent prior to filing the Aurobindo ANDA, and was aware that the filing of the Aurobindo ANDA with the request for FDA approval prior to the expiration of the '621 Patent would constitute an act of infringement of the '621 Patent.

183.    Aurobindo filed the Aurobindo ANDA without adequate justification for asserting that the '621 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Aurobindo ANDA Products. Aurobindo's conduct in certifying invalidity with respect to the '621 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

184.    Plaintiffs will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '621 Patent. Plaintiffs do not have an adequate remedy at law.

### COUNT 10:
### INFRINGEMENT OF THE '765 PATENT BY AUROBINDO

185.    Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

186.    On information and belief, Aurobindo has submitted the Aurobindo ANDA to the FDA, and continues to seek FDA approval of the Aurobindo ANDA.

187.    Plaintiffs own all rights, title, and interest in and to the '765 Patent.

188.    The Aurobindo ANDA Products infringe at least claim 9 of the '765 Patent.

189.    The '765 Patent includes, but is not limited to, claims that recite pharmaceutical

compositions comprising certain compounds.

190.    Upon information and belief, Aurobindo's ANDA Products are pharmaceutical formulations comprising at least one of the compounds recited in claim 9 of the '765 Patent.

191.    Aurobindo has infringed the '765 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Aurobindo ANDA and seeking FDA approval of the Aurobindo ANDA prior to the expiration of the '765 Patent. Subject matter jurisdiction over this Count exists pursuant to 35 U.S.C. § 271(e)(2)(A) and 28 U.S.C. § 1338(a). *See Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1123–25 (Fed. Cir. 2018).

192.    Upon information and belief, Aurobindo's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Aurobindo ANDA Products would directly infringe the '765 Patent under 35 U.S.C. § 271(a). Accordingly, unless enjoined by this Court, upon FDA approval of the Aurobindo ANDA, Aurobindo will make, use, offer to sell, or sell the Aurobindo ANDA Products within the United States, or will import the Aurobindo ANDA Products into the United States, and will thereby infringe at least claim 9 of the '765 Patent. *See id.*

193.    The first amended complaint provides Aurobindo notice of the '765 Patent and its infringement of the '765 Patent, to the extent that Aurobindo did not already have such notice.

194.    Plaintiffs will be irreparably harmed if Aurobindo is not enjoined from infringing the '765 Patent. Plaintiffs do not have an adequate remedy at law.

**COUNT 11:**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '765 PATENT BY AUROBINDO**

195.    Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

196.    Plaintiffs' claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201

and 2202, and 35 U.S.C. § 271(a).

197.    On information and belief, Aurobindo has submitted the Aurobindo ANDA to the FDA, and continues to seek FDA approval of the Aurobindo ANDA.

198.    Plaintiffs own all rights, title, and interest in and to the '765 Patent.

199.    The Aurobindo ANDA Products infringe at least claim 9 of the '765 Patent.

200.    The '765 Patent includes, but is not limited to, claims that recite pharmaceutical compositions comprising certain compounds.

201.    Upon information and belief, Aurobindo's ANDA Products are pharmaceutical formulations comprising at least one of the compounds recited in claim 9 of the '765 Patent.

202.    Upon information and belief, Aurobindo's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Aurobindo ANDA Products would directly infringe the '765 Patent under 35 U.S.C. § 271(a). Accordingly, unless enjoined by this Court, upon FDA approval of the Aurobindo ANDA, Aurobindo will make, use, offer to sell, or sell the Aurobindo ANDA Products within the United States, or will import the Aurobindo ANDA Products into the United States, and will thereby infringe at least claim 9 of the '765 Patent. *See id.*

203.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Aurobindo concerning liability for the infringement of the '765 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

204.    The first amended complaint provides Aurobindo notice of the '765 Patent and its infringement of the '765 Patent, to the extent that Aurobindo did not already have such notice.

205.    Plaintiffs will be irreparably harmed if Aurobindo is not enjoined from infringing

the '765 Patent. Plaintiffs do not have an adequate remedy at law.

**COUNT 12:**
**INFRINGEMENT OF THE '496 PATENT BY AUROBINDO**

206.     Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

207.     On information and belief, Aurobindo has submitted the Aurobindo ANDA to the FDA, and continues to seek FDA approval of the Aurobindo ANDA.

208.     Plaintiffs own all rights, title, and interest in and to the '496 Patent.

209.     The Aurobindo ANDA Products infringe claim 1 of the '496 Patent.

210.     The '496 Patent includes claim 1, which recites trans N-{4-{-[4-(2,3-dichlorophenyl)-piperazine-1-yl]-ethyl}-cyclohexylamine dihydrochloride monohydrate.

211.     Upon information and belief, Aurobindo's ANDA Products contain trans N-{4-{-[4-(2,3-dichlorophenyl)-piperazine-1-yl]-ethyl}-cyclohexylamine dihydrochloride monohydrate.

212.     Aurobindo has infringed the '496 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Aurobindo ANDA and seeking FDA approval of the Aurobindo ANDA prior to the expiration of the '496 Patent. Subject matter jurisdiction over this Count exists pursuant to 35 U.S.C. § 271(e)(2)(A) and 28 U.S.C. § 1338(a). *See Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1123–25 (Fed. Cir. 2018).

213.     Upon information and belief, Aurobindo's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Aurobindo ANDA Products would directly infringe the '496 Patent under 35 U.S.C. § 271(a). Accordingly, unless enjoined by this Court, upon FDA approval of the Aurobindo ANDA, Aurobindo will make, use, offer to sell, or sell the Aurobindo ANDA Products within the United States, or will import the Aurobindo ANDA Products into the United States, and will thereby infringe claim 1 of the

'496 Patent. *See id.*

214.    The first amended complaint provides Aurobindo notice of the '496 Patent and its infringement of the '496 Patent, to the extent that Aurobindo did not already have such.

215.    Plaintiffs will be irreparably harmed if Aurobindo is not enjoined from infringing the '496 Patent. Plaintiffs do not have an adequate remedy at law.

**COUNT 13:**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '496 PATENT BY**
**AUROBINDO**

216.    Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

217.    Plaintiffs' claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 271(a).

218.    On information and belief, Aurobindo has submitted the Aurobindo ANDA to the FDA, and continues to seek FDA approval of the Aurobindo ANDA.

219.    Plaintiffs own all rights, title, and interest in and to the '496 Patent.

220.    The Aurobindo ANDA Products infringe claim 1 of the '496 Patent.

221.    The '496 Patent includes claim 1, which recites trans N-{4-{-[4-(2,3-dichlorophenyl)-piperazine-1-yl]-ethyl}-cyclohexylamine dihydrochloride monohydrate.

222.    Upon information and belief, Aurobindo's ANDA Products contain trans N-{4-{-[4-(2,3-dichlorophenyl)-piperazine-1-yl]-ethyl}-cyclohexylamine dihydrochloride monohydrate.

223.    Upon information and belief, Aurobindo's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Aurobindo ANDA Products would directly infringe the '496 Patent under 35 U.S.C. § 271(a). Accordingly, unless enjoined by this Court, upon FDA approval of the Aurobindo ANDA, Aurobindo will make, use, offer to sell, or sell the Aurobindo ANDA Products within the United States, or will import

the Aurobindo ANDA Products into the United States, and will thereby infringe claim 1 of the '496 Patent. *See id.*

224.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Aurobindo concerning liability for the infringement of the '496 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

225.    The first amended complaint provides Aurobindo notice of the '496 Patent and its infringement of the '496 Patent, to the extent that Aurobindo did not already have such notice.

226.    Plaintiffs will be irreparably harmed if Aurobindo is not enjoined from infringing the '496 Patent. Plaintiffs do not have an adequate remedy at law.

### COUNT 14:
### INFRINGEMENT OF THE '142 PATENT BY ZYDUS

227.    Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

228.    On information and belief, Zydus USA has submitted the Zydus ANDA to the FDA, and continues to seek FDA approval of the Zydus ANDA.

229.    Plaintiffs own all rights, title, and interest in and to the '142 Patent.

230.    The Zydus ANDA Products infringe one or more claims of the '142 Patent.

231.    Zydus did not contest infringement of any claims of the '142 Patent in Zydus's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '142 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

232.    Zydus USA has infringed the '142 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zydus ANDA with a Paragraph IV Certification and seeking FDA approval of the

Zydus ANDA prior to the expiration of the '142 Patent.

233.     Upon information and belief, Zydus's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States of the Zydus ANDA Products would directly infringe, and would actively induce and contribute to infringement of the '142 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), (c), and (g). Accordingly, unless enjoined by this Court, upon FDA approval of the Zydus ANDA, Zydus will make, use, offer to sell, or sell the Zydus ANDA Products within the United States, or will import the Zydus ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '142 Patent. *See id.*

234.     On information and belief, upon FDA approval of the Zydus ANDA, Zydus will market and distribute the Zydus ANDA Products to resellers, pharmacies, healthcare professionals, and end users of the Zydus ANDA Products. Accompanying the Zydus ANDA Products, Zydus will also knowingly and intentionally include a product label and insert containing instructions for administering the Zydus ANDA Products. Accordingly, Zydus will induce physicians and other healthcare professionals, resellers, pharmacies, and end users of the Zydus ANDA Products to directly infringe one or more claims of the '142 Patent. In addition, on information and belief, Zydus will encourage acts of direct infringement with knowledge of the '142 Patent and knowledge that it is encouraging infringement.

235.     Zydus had actual and constructive notice of the '142 Patent prior to filing the Zydus ANDA, and was aware that the filing of the Zydus ANDA with the request for FDA approval prior to the expiration of the '142 Patent would constitute an act of infringement of the '142 Patent.

236.     Zydus filed the Zydus ANDA without adequate justification for asserting that the '142 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Zydus ANDA Products. Zydus's conduct in certifying invalidity with respect to the '142 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

237.     Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '142 Patent. Plaintiffs do not have an adequate remedy at law.

## COUNT 15:
## INFRINGEMENT OF THE '621 PATENT BY ZYDUS

238.     Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

239.     On information and belief, Zydus has submitted the Zydus ANDA to the FDA, and continues to seek FDA approval of the Zydus ANDA.

240.     Plaintiffs own all rights, title, and interest in and to the '621 Patent.

241.     The Zydus ANDA Products infringe one or more claims of the '621 Patent.

242.     Zydus did not contest infringement of at least claim 1, 12, and 17 of the '621 Patent in Zydus's Notice Letter. If Zydus had a factual or legal basis to contest infringement of the claims of the '621 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

243.     Zydus has infringed the '621 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zydus ANDA with a Paragraph IV Certification and seeking FDA approval of the Zydus ANDA prior to the expiration of the '621 Patent.

244.     Upon information and belief, Zydus's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States of the Zydus ANDA Products would directly infringe, and would actively induce and contribute to infringement of the '621 Patent either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a), (b), (c), and (g). Accordingly, unless enjoined by this Court, upon FDA approval of the Zydus ANDA, Zydus will make, use, offer to sell, or sell the Zydus ANDA Products within the United States, or will import the Zydus ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '621 Patent. *See id.*

245.     On information and belief, Zydus will encourage acts of direct infringement with knowledge of the '621 Patent and knowledge that it is encouraging infringement.

246.     Zydus had actual and constructive notice of the '621 Patent prior to filing the Zydus ANDA, and was aware that the filing of the Zydus ANDA with the request for FDA approval prior to the expiration of the '621 Patent would constitute an act of infringement of the '621 Patent.

247.     Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing, and from actively inducing and contributing to the infringement of the '621 Patent. Plaintiffs do not have an adequate remedy at law.

## COUNT 16:
## INFRINGEMENT OF THE '765 PATENT BY ZYDUS

248.     Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

249.     On information and belief, Zydus has submitted the Zydus ANDA to the FDA, and continues to seek FDA approval of the Zydus ANDA.

250.    Plaintiffs own all rights, title, and interest in and to the '765 Patent.

251.    The Zydus ANDA Products infringe at least claim 9 of the '765 Patent.

252.    The '765 Patent includes, but is not limited to, claims that recite pharmaceutical compositions comprising certain compounds.

253.    Upon information and belief, Zydus's ANDA Products are pharmaceutical formulations comprising at least one of the compounds recited in claim 9 of the '765 Patent.

254.    Zydus has infringed the '765 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zydus ANDA and seeking FDA approval of the Zydus ANDA prior to the expiration of the '765 Patent. Subject matter jurisdiction over this Count exists pursuant to 35 U.S.C. § 271(e)(2)(A) and 28 U.S.C. § 1338(a). *See Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1123–25 (Fed. Cir. 2018).

255.    Upon information and belief, Zydus's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Zydus ANDA Products would directly infringe the '765 Patent under 35 U.S.C. § 271(a). Accordingly, unless enjoined by this Court, upon FDA approval of the Zydus ANDA, Zydus will make, use, offer to sell, or sell the Zydus ANDA Products within the United States, or will import the Zydus ANDA Products into the United States, and will thereby infringe at least claim 9 of the '765 Patent. *See id.*

256.    The first amended complaint provides Zydus notice of the '765 Patent and its infringement of the '765 Patent, to the extent that Zydus did not already have such notice.

257.    Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing the '765 Patent. Plaintiffs do not have an adequate remedy at law.

**COUNT 17:**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '765 PATENT BY**
**ZYDUS**

258.    Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

259.    Plaintiffs' claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 271(a).

260.    On information and belief, Zydus has submitted the Zydus ANDA to the FDA, and continues to seek FDA approval of the Zydus ANDA.

261.    Plaintiffs own all rights, title, and interest in and to the '765 Patent.

262.    The Zydus ANDA Products infringe at least claim 9 of the '765 Patent.

263.    The '765 Patent includes, but is not limited to, claims that recite pharmaceutical compositions comprising certain compounds.

264.    Upon information and belief, Zydus's ANDA Products are pharmaceutical formulations comprising at least one of the compounds recited in claim 9 of the '765 Patent.

265.    Upon information and belief, Zydus's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Zydus ANDA Products would directly infringe the '765 Patent under 35 U.S.C. § 271(a). Accordingly, unless enjoined by this Court, upon FDA approval of the Zydus ANDA, Zydus will make, use, offer to sell, or sell the Zydus ANDA Products within the United States, or will import the Zydus ANDA Products into the United States, and will thereby infringe at least claim 9 of the '765 Patent. *See id.*

266.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Zydus concerning liability for the infringement of the '765 Patent for which this Court may grant declaratory relief consistent with Article III of the

United States Constitution.

267.     The first amended complaint provides Zydus notice of the '765 Patent and its infringement of the '765 Patent, to the extent that Zydus did not already have such notice.

268.     Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing the '765 Patent. Plaintiffs do not have an adequate remedy at law.

**COUNT 18:**
**INFRINGEMENT OF THE '496 PATENT BY ZYDUS**

269.     Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

270.     On information and belief, Zydus has submitted the Zydus ANDA to the FDA, and continues to seek FDA approval of the Zydus ANDA.

271.     Plaintiffs own all rights, title, and interest in and to the '496 Patent.

272.     The Zydus ANDA Products infringe claim 1 of the '496 Patent.

273.     The '496 Patent includes claim 1, which recites trans N-{4-{-[4-(2,3-dichlorophenyl)-piperazine-1-yl]-ethyl}-cyclohexylamine dihydrochloride monohydrate.

274.     Upon information and belief, Zydus's ANDA Products contain trans N-{4-{-[4-(2,3-dichlorophenyl)-piperazine-1-yl]-ethyl}-cyclohexylamine dihydrochloride monohydrate.

275.     Zydus has infringed the '496 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Zydus ANDA and seeking FDA approval of the Zydus ANDA prior to the expiration of the '496 Patent. Subject matter jurisdiction over this Count exists pursuant to 35 U.S.C. § 271(e)(2)(A) and 28 U.S.C. § 1338(a). *See Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1123–25 (Fed. Cir. 2018).

276.     Upon information and belief, Zydus's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Zydus ANDA

42

Products would directly infringe the '496 Patent under 35 U.S.C. § 271(a). Accordingly, unless enjoined by this Court, upon FDA approval of the Zydus ANDA, Zydus will make, use, offer to sell, or sell the Zydus ANDA Products within the United States, or will import the Zydus ANDA Products into the United States, and will thereby infringe claim 1 of the '496 Patent. *See id.*

277.     The first amended complaint provides Zydus notice of the '496 Patent and its infringement of the '496 Patent, to the extent that Zydus did not already have such notice.

278.     Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing the '496 Patent. Plaintiffs do not have an adequate remedy at law.

## COUNT 19:
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '496 PATENT BY ZYDUS

279.     Plaintiffs state, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

280.     Plaintiffs' claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 271(a).

281.     On information and belief, Zydus has submitted the Zydus ANDA to the FDA, and continues to seek FDA approval of the Zydus ANDA.

282.     Plaintiffs own all rights, title, and interest in and to the '496 Patent.

283.     The Zydus ANDA Products infringe claim 1 of the '496 Patent.

284.     The '496 Patent includes claim 1, which recites recite trans N-{4-{-[4-(2,3-dichlorophenyl)-piperazine-1-yl]-ethyl}-cyclohexylamine dihydrochloride monohydrate.

285.     Upon information and belief, Zydus's ANDA Products contain trans N-{4-{-[4-(2,3-dichlorophenyl)-piperazine-1-yl]-ethyl}-cyclohexylamine dihydrochloride monohydrate.

286.     Upon information and belief, Zydus's commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Zydus ANDA

Products would directly infringe the '496 Patent under 35 U.S.C. § 271(a). Accordingly, unless enjoined by this Court, upon FDA approval of the Zydus ANDA, Zydus will make, use, offer to sell, or sell the Zydus ANDA Products within the United States, or will import the Zydus ANDA Products into the United States, and will thereby infringe claim 1 of the '496 Patent. *See id.*

287.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Zydus concerning liability for the infringement of the '496 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

288.    The first amended complaint provides Zydus notice of the '496 Patent and its infringement of the '496 Patent, to the extent that Zydus did not already have such notice.

289.    Plaintiffs will be irreparably harmed if Zydus is not enjoined from infringing the '496 Patent. Plaintiffs do not have an adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)    A judgment that Sun has infringed the '142, '621, '765, and '496 Patents under 35 U.S.C. § 271(e)(2)(A);

(b)    A judgment that Aurobindo has infringed the '142, '621, '765, and '496 Patents under 35 U.S.C. § 271(e)(2)(A);

(c)    A judgment that Zydus has infringed the '142, '621, '765, and '496 Patents under 35 U.S.C. § 271(e)(2)(A);

(d)    A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of the Sun ANDA shall be no earlier than the last expiration date of any of the '142, '621, '765, or '496 Patents, or any later expiration of exclusivity for any of the '142, '621, '765, or '496 Patents, including any extensions or regulatory exclusivities;

(e)      A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of the Aurobindo ANDA shall be no earlier than the last expiration date of any of the '142, '621, '765, or '496 Patents, or any later expiration of exclusivity for any of the '142, '621, '765, or '496 Patents, including any extensions or regulatory exclusivities;

(f)      A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of the Zydus ANDA shall be no earlier than the last expiration date of any of the '142, '621, '765, or '496 Patents, or any later expiration of exclusivity for any of the '142, '621, '765, or '496 Patents, including any extensions or regulatory exclusivities;

(g)      Entry of a permanent injunction, enjoining Sun and its officers, agents, servants, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert or in participation with Sun or on its behalf from commercially manufacturing, using, offering for sale, or selling the Sun ANDA Products within the United States, or importing the Sun ANDA Products into the United States, until the day after the expiration of the '142, '621, '497, '765, and '496 Patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the '142, '621, '497, '765, and '496 Patents;

(h)      Entry of a permanent injunction, enjoining Aurobindo and its officers, agents, servants, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert or in participation with Aurobindo or on its behalf from commercially manufacturing, using, offering for sale, or selling the Aurobindo ANDA Products within the United States, or importing the Aurobindo ANDA Products into the United States, until the day after the expiration of the '142, '621, '496, and '765 Patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the '142, '621, '765, and '496 Patents;

45

(i)     Entry of a permanent injunction, enjoining Zydus and its officers, agents, servants, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert or in participation with Zydus or on its behalf from commercially manufacturing, using, offering for sale, or selling the Zydus ANDA Products within the United States, or importing the Zydus ANDA Products into the United States, until the day after the expiration of the '142, '621, '765, and '496 Patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the '142, '621, '765, and '496 Patents;

(j)     A judgment declaring that making, using, selling, offering to sell, or importing the Sun ANDA Products, or inducing or contributing to such conduct, would constitute infringement of the '142, '621, '497, '765, and '496 Patents pursuant to 35 U.S.C. § 271 (a), (b), (c) and/or (g);

(k)     A judgment declaring that making, using, selling, offering to sell, or importing the Aurobindo ANDA Products, or inducing or contributing to such conduct, would constitute infringement of the '142, '621, '765, and '496 Patents pursuant to 35 U.S.C. § 271 (a), (b), (c) and/or(g);

(l)     A judgment declaring that making, using, selling, offering to sell, or importing the Zydus ANDA Products, or inducing or contributing to such conduct, would constitute infringement of the '142, '621, '765, and '496 Patents pursuant to 35 U.S.C. § 271 (a), (b), (c) and/or(g);

(m)     A declaration under 28 U.S.C. § 2201 that if Sun, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of the Sun ANDA Products, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a),

(b), (c), and/or (g);

(n)     A declaration under 28 U.S.C. § 2201 that if Aurobindo, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of the Aurobindo ANDA Products, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(o)     A declaration under 28 U.S.C. § 2201 that if Zydus, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of the Zydus ANDA Products, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(p)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Sun engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the Sun ANDA Products, or any product that infringes the '142, '621, '497, '765, or '496 Patents, or induces or contributes to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents;

(q)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Aurobindo engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the Aurobindo ANDA Products, or any product that infringes the '142, '621, '765, or '496 Patents, or induces or contributes to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents;

(r)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Zydus engages in the commercial manufacture, use, offer for sale, sale, and/or importation of

the Zydus ANDA Products, or any product that infringes the '142, '621, '765, or '496 Patents, or induces or contributes to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents;

(s)     A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

(t)     Costs and expenses in this action; and

(u)     Such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Jeffrey B. Elikan
Erica N. Andersen
Chanson Chang
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

May 19, 2021