IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLERGAN USA, INC., et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 19-2317-RGA |
| SUN PHARMACEUTICAL INDUSTRIES LIMITED, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

Fact discovery closed December 10, 2021. (D.I. 202 (order entered Nov. 4, 2021); *see* D.I. 228 at 1)).

In depositions at the tail end of discovery, Plaintiffs asked questions (as set forth at D.I. 227, Exs. H & I) about the "spiking study." (D.I. 227 at Ex. F, 66750). The witnesses were not helpful. Plaintiffs rely upon three Rule 30(b)(6) topics as the basis for saying that they asked for a witness knowledgeable about the spiking study. But I agree with Zydus that unless the interrogatories are interpreted even more broadly than their already facially broad scope, Plaintiffs did not ask for a witness who could explain the spiking study. I do not have to assume that Zydus's assertion (D.I. 228 at 3) that Plaintiffs did not even discuss this issue in the meet-and-confer is true (although Plaintiffs cite nothing in their letter suggesting that it was raised before December 27th), although if I were to, it would be even clearer that Plaintiffs' request is too late and not based on anything that they have preserved by their Rule 30(b)(6) notice.

The larger issue concerns developmental batch testing that Zydus asserts involves different ingredients and/or methods than the way Zydus asserts the ANDA product has been and will be made. Zydus relies upon a decision that, after trial, found that the development batches

were not representative. (D.I. 228 at Ex. D). It seems to me the development batches might or might not be relevant depending on various factors, and I am not prepared to say now that they are irrelevant based simply on Zydus's assertion in discovery that the development batches are not representative of the final ANDA product. But it appears that the laboratory notebooks describing the development batches have been produced. (D.I. 228 at Ex. K at 93:14-20; 103:18-23). Thus, I think what would be proportional to the needs of the case would be for Zydus to answer Interrogatories No. 8 and 9 by stating (1) which batch records relate to which batches, and (2) with some granularity, what it is that makes the development batches not representative of the final product. I do not think further Rule 30(b)(6) testimony is proportional to the needs of the case.

Zydus SHALL AMEND its answers to Interrogatories 8 and 9 within ten days. All other relief is DENIED. IT IS SO ORDERED this 3rd day of January 2022.

/s/ Richard G. Andrews
United States District Judge